PRICE *et al.*, by next friend, *vs.* LATHROP & CO. *et al.*

After a case has been tried, brought by writ of error to this court—exceptions being taken both to the refusal of a new trial and the form of the decree—a dismissal of the case affirms the judgment as pronounced, and a bill of review will not lie for errors apparent on the face of the record.

Practice in the Supreme Court. Judgments. *Res adjudicata*. Before Judge STEWART. Bibb County. At Chambers. January 3rd, 1881.

Reported in the decision.

LANIER & ANDERSON; WHITTLE & WHITTLE; for plaintiffs in error.

LYON & GRESHAM; BLOUNT & HARDEMAN; HILL & HARRIS; R. K. HINES; JNO. P. FORT; BACON & RUTH-ERFORD, for defendants.

CRAWFORD, Justice.

The foregoing cases were argued together, as they arose in the court below on the same cause of action, and came before us upon cross bills of exceptions taken to the rulings of the chancellor therein.

D. R. Tucker, as the next friend of Eliza H. Price and her children, filed a bill in equity against J. R. Price (the husband and father), and his creditors, who were pressing him upon his debts, claiming the property, real and personal, in his possession as theirs under a deed of marriage settlement. The prayer was for an account against Price, and an injunction restraining the creditors. Answers were filed in the nature of cross bills setting up equities for the defendants, except Joseph P. Price, the brother, who made no answer. The hearing was had in October, 1879, when the jury was instructed and required to find a special verdict upon twenty issues of fact made by the pleadings, and upon which the chancellor made a written judgment and decree.

The complainants resorted to their motion for a new trial upon numerous grounds, which being refused, they sued out a writ of error to this court. The defendants being dissatisfied with the judgment and decree of the chancellor, sued out a writ of error to the same, and resisted the motion for a new trial. The parties thus appeared before us—one dissatisfied with and excepting to the errors complained of on the trial, and in the findings of the jury; the other with the decree rendered by the chancellor. These writs of error were both dismissed on

motion of the opposing counsel, and judgments of affirm-
ance in each case entered, that is, as to the refusal of the
motion for a new trial and the exceptions taken to the
decree, the judgment of the court below was affirmed.

The complainants, Eliza H. Price and two of the chil-
dren, file this bill in the nature of a bill of review, alleging
that the dismissing of the case went to affirm the refusal
of the motion for a new trial, but did not affirm or legalize
the decree. They therefore ask, that the decree, and the
pleadings and proceedings on which it is founded, be re-
viewed, set aside and annulled, or reformed in accordance
with equity and justice. They pray for an injunction re-
straining the creditors until they can be heard upon this
bill. The chancellor, upon hearing the issues made by
this bill, and the cause shown by the defendants why in-
junction should not be granted, did adjudge that the in-
junction should be partially granted, and made then and
there other decisions, to which counsel for complain-
ants and defendants both object and sue out their writs
of error.

Under the foregoing facts the only real question in this
case is whether the matters and things in this bill of re-
view have not been fully and finally settled and adjudi-
cated by the several judgments pronounced by the supe-
rior and supreme courts therein, and both complainants
and defendants absolutely concluded thereby.

A motion for a new trial involves all the grounds which
were, or might have been, taken for errors committed up
to and included in the verdict. Whenever the same is
brought before the supreme court, and passed upon by
that tribunal, even though it be dismissed, the judgment
below is affirmed and is conclusive between the parties.

Where no motion is made for a new trial, but the party
relies upon a bill of exceptions to errors complained of
in the judgment or decree, and the same is heard by this
court, though dismissed, it is also conclusive between the
parties.

In the case of *Rice vs. Carey*, 4 *Ga.*, 569, it was held, that whether a case brought before this court was heard on its merits or dismissed on a technical ground, "by operation of the organic law of the land, the judgment of the court below stood affirmed as effectually as if the cause had been heard on its merits, and a judgment of affirmance solemnly pronounced." In that same case it was held "that a bill of review will not lie for error apparent on the face of a decree, when that decree has been before the supreme court on a writ of error and the judgment of the court below has been affirmed."

In 43 *Ga.*, 564, it was held that where a trial is had in equity, and the jury return their verdict, and a motion for a new trial is overruled, and the case brought before this court, and the judgment affirmed by operation of law, in the dismissal of the case such judgment of affirmance is conclusive upon all parties, as to the merits and grounds embraced in the motion for a new trial, and cannot be subsequently reviewed or re-heard in this court.

Whilst, therefore, we do not hold that after a case has been tried below, and brought before this court, and disposed of, either on its merits or on a motion to dismiss, that a bill of review will not lie, yet our judgment is, that after such an affirmance by this court no bill of review will lie for errors apparent on the face of the record, whether to be found in the pleadings, proceedings or verdict, or contained in the judgments or decree.

This court is established for the correction of errors committed on the trials below, and when parties have been heard there and here, to allow a bill of review for errors apparent on the face of the record, would be to encourage negligence, protract litigation and delay justice. In the language of the late Chief Justice Warner, "When we take into conisderation the declared policy of our people, as manifested by their organic law, to prevent delay in the administration of justice, we entertain no doubt in our ruling."

The conclusion, therefore, to which we come is, that as this case has been regularly tried in the court below, and then brought to this court by writs of error, both of the complainants and the defendants—the complainants upon a motion for a new trial, involving not only matters touching the trial and the verdict of the jury, but also twenty-four distinct objections to the decree itself, which, although not properly contained in the motion for a new trial, yet showing knowledge of the matters now insisted upon ; and the defendants upon their part, by a bill of exceptions to the decree, thus bringing up the errors of the trial and the findings of the jury by one side, and the errors of the decree by the other, and both being affirmed by a solemn judgment of this court, concludes this case.

In view of the constitutional provision in our organic law, of the further fact that this, the highest appellate court, has pronounced in effect that this decree is not erroneous, and the rulings heretofore made upon like questions, as well as that all the authorities agree, that where a decree has been affirmed in parliament, it is doubted whether a bill of review for errors apparent on the face of the decree can be brought, we hold that upon the facts of this case it does not lie, and that the judgments of the chancellor below on complainants' bill were erroneous and must be reversed.

Story's Eq. Pl., §408 ; 2 Dan. Ch. Pr., 1580; Mitford's Pl., Jeremy, 88 ; 1 McCord's Ch., 22, 29, 30 ; 3 J. J. Marsh, (Ky.) 492 ; 1 Hen. & Munf., 13 ; 4 *Ga.*, 569; 43 *Ib.*, 564.

Judgment reversed.