BROWER *vs.* COTHRAN *et al.*

1. A motion for new trial will lie in this state to a decree rendered in an equity case, and as a remedy it is as complete as a motion for new trial at law, and is more full and complete than a bill for re-

view, in that it reaches all errors of law committed by the court as well as errors of fact committed in the finding of the jury, while a bill of review can reach only such errors as are apparent upon the record.

2. Since the practice of allowing motions for new trial in equity cases in this state has been adopted, it is necessary for a bill of review to contain some allegation of facts which have been discovered since the trial, which will show that the decree was improperly rendered, and of which the party was ignorant, and which he could not have discovered by the use of diligence at or before the trial of the case, or of some new matter which has intervened between the trial and the filing of the bill, and which will authorize the re-opening of the cause; and these allegations must be as strong as are required to be embraced in a bill to set aside a judgment at law and obtain a new trial.

(*a.*) A technical bill of review does not lie in the state, but only a bill in the nature of a bill of review.

3. Where a motion for new trial was made, and was dismissed, under the ruling of this court on a writ of error, and another motion for new trial was made on extraordinary grounds, which was dismissed by the superior court, and its judgment was affirmed by this court, it was then too late for the moving party to file a bill of review, alleging the same errors as were set out in the motions for new trial; and there was no error in refusing to enjoin the execution of the original decree.

4. The record of the case shows no error; the bill, answer and exhibits and the verdict of the jury authorized the decree rendered; and whether the finding of the jury was right or wrong under the evidence submitted, or whether the court erred in his instructions to them, cannot be considered on a bill of review.

5. The above ruling disposes of the motion to amend the decree.

December 22, 1885.

New Trial. Equity. Bill of Review. Before Judge SIMMONS and Judge FAIN—two cases. Floyd Superior Court. March Term, 1885.

These cases originated in a bill which, by amendment, proceeded in the name of Cothran, next friend, *et al. vs.* Brower *et al.* The case was referred to an auditor, exceptions to his report were filed, special issues were submitted to a jury, and on their finding a decree was rendered on January 27, 1883. Counsel for the defendants, desiring to move for a new trial, took an order, allowing

the motion to be made in vacation by a certain time. The motion was made, and on its call, the respondents moved to dismiss it. This motion to dismiss was overruled, and subsequently the motion for a new trial was overruled. The respondents excepted to the refusal to dismiss the motion, and the judgment below was reversed by the Supreme Court (see 71 *Ga.*, 358). The movants excepted to the refusal of the new trial, and the bill of exceptions was dismissed, on the ground that the former decision disposed of the whole case (see 73 *Ga.*, 147). The movants then made an extraordinary motion for a new trial, and to its dismissal they excepted. This judgment was affirmed. (See 74 *Ga.*, 383). Brower then filed a bill of review, setting out the errors alleged to have been committed, alleging that he was the only substantial party on one side, and Mrs. Cothran on the other, and praying for an injunction against the enforcement of the decree. The injunction was refused, and Brower excepted. He then made a motion, objecting to the enforcement of the decree, for which the complainant's counsel were moving, and praying for an amendment of the decree, on the ground that it did not conform to the facts ascertained by the jury and the auditor. This motion was refused, and he again excepted. Both cases were considered together by the Supreme Court.

C. N. FEATHERSTON; ALEXANDER & WRIGHT· W. W. BROOKES, for plaintiff in error.

DANIEL S. PRINTUP; UNDERWOOD, ROWELL & CHENEY, for defendant.

BLANDFORD, Justice.

A motion for new trial will lie in this state to a decree rendered in an equity case, and as a remedy it is as complete as a motion for new trial at law. Code, §4211. It is more full and complete as a remedy than a bill for re-

view, in that it reaches all errors of law committed by the court, as well as errors of fact committed in the finding of the jury.    A bill of review can only reach such errors as are apparent upon the record.

We think that, since the practice of allowing motions for new trial in equity cases was adopted in this state, it is necessary for a bill of review to contain some allegations of facts which' have been discovered since the trial, which will show that the decree was improperly rendered, and of which the party was ignorant, and which he could not have discovered by the use of diligence at or before the trial of· the cause, or some new matter which intervened between the trial and the filing of the bill which will authorize the re-opening of the cause.   These allegations must be as strong as are required to be embraced in a bill to set aside a judgment at law and for the grant of a new trial.   The same remedies by motion for new trial existing in cases at law and in equity, they stand on the same footing; hence we think that a technical bill of review does not lie in this state, but the same must be a bill in the nature of a bill of review.

In this case, a motion having been made for a new trial, which was dismissed on error to this court, and another motion having been made thereafter on extraordinary grounds, which was dismissed by the superior court, and this judgment having been affirmed on error to this court, it is too late then for the moving party to file a bill of review, inasmuch as these several motions contained the same errors set forth in the bill of review.   So we think the court did right to refuse to enjoin the execution of the decree on this ground.   4 *Ga.*, 550, 570; 38 *Id.*, 195, 174; 43 *Id.*, 564; 41 *Id.*, 221, and other decisions of this court.

In looking at the record of this case, we fail to discover any errors therein.   The bill, answers and exhibits thereto, and the verdict of the jury rendered in the case, authorized the decree which was rendered in this case.   Whether the jury found right or wrong upon the evidence submitted, or

whether the court erred in his instructions to the jury, which may have led them to make the verdict which they did in this case, cannot be considered upon a bill for review. If the decree is sustained by the pleadings and verdict of the jury, this is sufficient, and there must be an end of the review.

What has been said on this point, disposes of the motion to amend the decree.

The judgment of the court below in both cases must be affirmed.

Judgment affirmed.