HALL *et al. vs.* HUFF *et al.*

Where exception was taken to a decree in equity on the ground that it was erroneous, and upon the call of the case in this court, it was dismissed because the bill of exceptions did not specify and point out wherein the decree was erroneous, a bill of review will not lie for the errors contained in such decree.

(*a.*) The remedies provided to correct errors in proceedings and decrees in equity by motion for new trial, bill of exceptions, motions to amend and motions to set aside are as full and ample as at common law.

(*b.*) The dismissal of the writ of error operated as an affirmance of the decree, and it is *res adjudicata* between the parties.

March 23, 1886.

*Res Adjudicata.* Practice in Supreme Court. Equity. Before Judge HAMMOND. Fulton Superior Court. March Term, 1885.

To the report contained in the decision, it is necessary to add only that the dismissal of this case on exception to the decree will be found reported in 74 *Ga.*, 409.

JAS. A. GRAY; T. P. WESTMORELAND, for plaintiffs in error.

KING & SPALDING; HILLYER & BRO.; CANDLER, THOMSON & CANDLER; HOPKINS & GLENN; E. N. BROYLES, for defendants.

BLANDFORD, Justice.

The question made by this record is, when an exception has been taken to a decree, upon the ground that the same

was erroneous, and error on said exception has been assigned and the case brought before this court, when the writ of error was dismissed, on the ground that the error assigned did not specify and point out wherein the decree was erroneous, will a bill of review lie for the errors in said decree?

We think that the case of *Brower vs. Cothran*, decided at the last term of this court, rules and decides the present case. 75 *Ga.*, 9.

The remedies provided by our statutes to correct errors in the proceedings and decrees in equity by motion for new trial, exceptions to decrees and motions to amend the same, and motions to set aside, are as full and ample in equity causes as in cases at law.

We do not think a bill of review will lie in a case like the present, even where no such remedies are provided as are provided by our law.

When the writ of error in this case was dismissed at a former term of this court, which was prosecuted by the plaintiff upon error assigned upon exception to the decree, that the same was erroneous, thereby the decree was affirmed; and this is *res adjudicata* between the parties to this case.

So it must follow that the decree of the court below dismissing the bill for want of equity is right, and the same must be affirmed.