## SUMNER *v.* SUMNER.

1. After an affirmance by this court of a judgment granting to a wife temporary alimony and attorney's fees, notwithstanding such affirmance was brought about by a dismissal of a bill of exceptions whereby her husband sought to have that judgment set aside, the trial court is without jurisdiction to review the same and modify or vacate it on any ground which was, or might have been, relied on by him when he sued out his bill of exceptions.

2. No reason was shown in the present case why the order granting alimony should not be allowed to stand.

Argued May 19, — Decided August 12, 1903.

Petition for revision of order allowing alimony.    Before Judge
Spence.    Worth superior court.    January 27, 1903.

*Jesse W. Walters* and *J. J. Forehand*, for plaintiff.
*Claude Payton* and *Sam S. Bennet*, for defendant.

FISH, P. J.    At the April term, 1902, of the superior court of
Worth county, Mrs. S. J. Sumner filed against her husband an
application for temporary alimony and attorney's fees, there being
at the time pending against her a libel for divorce previously insti-
tuted by him.    This application was heard during vacation ; and on
September 8, the judge passed an order allowing her a specified sum
as alimony up to September 1, $500.00 as counsel fees, and "$60.00
per month as temporary alimony from September 1st, 1902, until
further order" of the court.    Counsel for Sumner prepared a bill
of exceptions with a view to having this order set aside by the
Supreme Court, but by oversight and inadvertence failed to sign
the same.    It was certified by the judge and transmitted to this
court, where, on motion of counsel for Mrs. Sumner, it was dis-
missed for the reason that it was unsigned by Sumner or his attor-
ney.    Subsequently he presented to the court below a petition,
based on the Civil Code, § 2459, wherein he asked that the order
above mentioned be reconsidered and vacated.    In this petition the
facts relating to the fate which befell his bill of exceptions were
recited, and various reasons were assigned why the order should
not have been passed.    He also alleged that the divorce proceed-
ing instituted by him was no longer pending ; that Mrs. Sumner then
had "ample means to support and maintain herself, coming from
her crops of" the past year and from certain land she had sold, and
that it would be "a great hardship to require him to add to this
abundant supply;" and furthermore, that an allowance of $60.00
per month was no longer required to maintain her and a minor son,
as he was no longer living with her, but had accepted a position
with a firm carrying on business in a neighboring town, and was
fully competent to earn his own living, having arrived at the age
of twenty.    On the hearing of this petition on January 27, 1903,
both sides introduced evidence ; and, after argument, his honor
held that "no lawful cause for revision of said original order of Sept.
8th, 1902," had been shown.    To this ruling Sumner excepted.

1.    The Civil Code, § 2459, declares that an "order allowing ali-

mony shall be subject to revision by the court at any time." So upon proper showing made, it "is competent for the court to modify [an] order for temporary alimony, and reduce or increase it, as may become proper." *McGee* v. *McGee*, 10 *Ga.* 477. A change in the health and pecuniary means of a husband may often be a valid excuse for his non-compliance with an order to pay alimony, and in such a case the court should so modify the order as not to work a hardship upon him. *Pinckard* v. *Pinckard*, 23 *Ga.* 286; *Wester* v. *Martin*, 115 *Ga.* 776. Indeed, events transpiring after the passage of such an order may often demand that it be either modified or vacated. But the oversight and inadvertence of counsel in failing to take proper steps to set aside a judgment granting temporary alimony, because of alleged error on the part of a judge on the hearing of an application therefor, can not be urged as a reason for reviewing that judgment in the court wherein it was rendered. The judgment complained of in the present case as having been erroneously rendered must stand, since exceptions thereto were filed and an attempt was made to bring the case to this court for review. The dismissal in this court of the bill of exceptions operated as an affirmance of that judgment; and this being so, the trial judge was without jurisdiction to review the same and set it aside on any ground save one based on a change of circumstances occurring subsequently to its rendition. See *Rice* v. *Carey*, 4 *Ga.* 558; *Price* v. *Lathrop*, 66 *Ga.* 545; *Watkins* v. *Lawton*, 72 *Ga.* 79; *Hall* v. *Huff*, 76 *Ga.* 337; *Herz* v. *Frank*, 104 *Ga.* 638.

2. It appears that, in answering the libel for divorce instituted against her, Mrs. Sumner set up the fact that she and her husband were living in a state of separation, and upon this ground prayed that she be granted alimony. That he thereafter dismissed the divorce proceeding instituted by him can not, therefore, be regarded as constituting any reason why his wife should not, so long as he and she shall continue to live apart, receive the monthly allowance given her under the order of September 8, 1902. Under the evidence submitted by her on the hearing now under review, the trial judge was warranted in reaching the conclusion that she was still entitled to this allowance, notwithstanding her minor son was earning a wage of seventy-five cents a day, and was not longer altogether dependent upon her for a support. That she may have acquired funds from a sale of her individual property

which were sufficient in amount to maintain her did not, in and of itself alone, afford any reason for relieving her husband from his legal duty to provide for her.   As will have been noted, there was no pretense on his part that, on account of any change in his health or financial condition, he was no longer able to do so.   The evidence showed him to be a man of much wealth, which his wife had during a long period of years aided him in acquiring; and assuredly the presiding judge did not abuse his discretion in declining to cut her off from the reasonable monthly allowance of $60.00, to which she would seem to be clearly entitled, taking into consideration her advanced age and station in life.

*Judgment affirmed.. By four Justices.   Cobb, J., disqualified.*