## SUMNER v. SUMNER.

After an order granting temporary alimony and attorney's fees has been duly passed, the court is without jurisdiction to revise the same or to set it aside on any ground save one based on a change of circumstances occurring subsequently to the granting of the order.    It is not ground for vacating the order, that the husband sought to review its correctness before the Supreme Court, but his bill of exceptions was dismissed in that court because of his failure to observe the statutory requirements as to suing out a writ of error ; that subsequently, upon the same evidence on which the order for temporary alimony had been granted, a jury found in favor of the wife on the trial of a suit by her for permanent alimony, and that the verdict was set aside by the Supreme Court upon a review of that case, the court holding that under the evidence upon which she relied for a recovery she was not entitled to prevail.    Such a chain of circumstances does not constitute such a change in the status of the parties as will confer upon the husband a right to another hearing on the question of his liability to pay temporary alimony pending the suit for permanent alimony.

Argued March 21, — Decided May 15, 1905.

Attachment for contempt.    Before Judge Spence.    Worth superior court.    February 14, 1905.

J. W. Walters and J. J. Forehand, for plaintiff in error.

Claude Payton and Sam. S. Bennet, contra.

EVANS, J.    This is the fourth time we have been called on to review the contest between this husband and wife over the allowance of alimony.    The other cases are reported in 116 Ga. 798, 118 Ga. 408, and 121 Ga. 1.    The statement of facts in the case last reported contains a succinct history of the litigation, and it is only necessary to chronicle the subsequent procedure.    On January 5, 1905, Mrs. S. J. Sumner presented her petition to the judge of the superior court of Worth county, alleging that on September 8, 1902, upon the application of petitioner for temporary alimony and counsel fees, a decree was entered requiring J. L. Sumner to pay to her, among other things, temporary alimony at the rate of sixty dollars per month on the first day of each month thereafter until otherwise ordered, which judgment had never been annulled or modified.    She further alleged, that on November 7, 1903, upon her application, an order was passed requiring J. L. Sumner, within thirty days thereafter, to pay her the additional sum of $700 for counsel fees and expenses of the litigation ; that this last order was passed during the trial of the

issue joined on her application for permanent alimony, which resulted in a verdict for petitioner in a few hours after the order for temporary alimony was signed; and that the present proceeding was brought for the purpose of enforcing the payment of the amount due for temporary alimony and counsel fees upon these two last-mentioned orders. Petitioner averred that J. L. Sumner had defaulted in the monthly payments since December 1, 1904, and had wholly failed to pay the amount decreed for counsel fees and expenses of litigation; and the prayer of the petition was, that, upon his failure to pay the sums then due, he be adjudged in contempt. In answer to the rule to show cause why he should not pay the sums alleged to be due as temporary alimony and counsel fees, or in default thereof be adjudged in contempt, the defendant admitted that the judgments referred to had never been annulled or modified, and that he had not paid the monthly allowance since December 1, 1904, nor the counsel fees provided for in the order of November 7, 1903, but alleged, as an excuse for not so doing, that before the filing of the applications for temporary and permanent alimony he had made a full and complete settlement with his wife, conveying to her by deed a life-estate in what was known as their "home place," together with certain stock, provisions, farming implements, and cash, which were accepted by Mrs. Sumner as a full and final settlement of all of her claims against him for temporary and permanent alimony and all future interest in his estate; that he had pleaded this settlement in answer to her suit for temporary alimony, but that the presiding judge had held the settlement between the parties to be null and void and had decreed that respondent pay to his wife a certain sum monthly as temporary alimony until the further order of the court; that respondent attempted to review this judgment by a writ of error to the Supreme Court, but his bill of exceptions was dismissed upon a technicality and the merits of the case were not passed upon by the Supreme Court; that he continued paying alimony until a decision of the Supreme Court was rendered upon a bill of exceptions sued out to the overruling of a motion for a new trial, made by respondent in the suit for permanent alimony, when the Supreme Court passed upon and construed the settlement relied on by him and upheld it, deciding that the same was valid and there was no evi-

dence to justify the verdict returned against respondent in the superior court. Respondent further alleged that this adjudication by the Supreme Court amounted to a change in the circumstances of the respective parties, and he should not be required to pay any further sums as temporary alimony, because of the adjudication that the settlement between himself and wife was valid, which adjudication was conclusive as to all amounts claimed to be due either as temporary or permanent alimony; and respondent prayed that the orders of the court granting temporary alimony and allowing counsel fees to Mrs. Sumner be annulled, and that he be discharged from the rule. The only evidence submitted to the court upon the hearing of the petition of Mrs. Sumner and the answer made thereto consisted of three affidavits to the effect that the defendant was in better financial condition at that time than he had been at the time of the rendering of the judgments allowing alimony; that the applicant was in no better financial condition, and because of her advanced age and ill health more money was required for medicine and medical attention than was required at the time these judgments were rendered. The court declined to revise or revoke the original orders granting temporary alimony, and adjudged that no sufficient reason had been shown why the defendant ought not to pay the sums due thereunder. An order was accordingly passed, providing that, upon the failure of respondent to pay these sums within ten days, an attachment against him for contempt should issue. He excepts to this judgment, insisting that the judge abused his discretion in refusing to vacate the orders previously granted for temporary alimony and attorney's fees, these orders being based upon the idea that, under the evidence submitted at the hearing first had, the deed of settlement made by J. L. Sumner to his wife was void, and the Supreme Court having subsequently held that under the evidence relied on by Mrs. Sumner as showing the deed to be invalid, the verdict of the jury in her favor was unauthorized, and she was not entitled to recover permanent alimony; wherefore the judge should have "recognized the changed condition brought about by said decision of the Supreme Court, and revoked his previous orders granting attorney's fees and temporary alimony."

An order granting temporary alimony and counsel fees is always subject to revision by the court. Civil Code, § 2459.

The court may at any time, on proper pleadings and proof, change, modify, or even annul it altogether. *Wester* v. *Martin*, 115 *Ga.* 776. But the court is without jurisdiction to revise the same or set it aside on any ground save one based on a change of circumstances occurring subsequently to the granting thereof. *Sumner* v. *Sumner*, 118 *Ga.* 408. The changed condition relied on by the plaintiff in error is an adjudication by this court, since the allowance of temporary alimony, as to the weight and effect of certain evidence offered by Mrs. Sumner to impeach a deed of settlement executed and delivered to her by her husband. This adjudication was upon a bill of exceptions in which error was assigned upon the refusal of the trial judge to grant the defendant a new trial and vacate the verdict in the suit for permanent alimony, and it was held that the evidence introduced by Mrs. Sumner did not warrant a finding that any such fraud was perpetrated upon her as would afford grounds for the cancellation of that deed of settlement. *Sumner* v. *Sumner*, 121 *Ga.* 1. The necessary result of this adjudication was that the verdict returned in the suit for permanent alimony was vacated and a new trial ordered upon the merits. On the next trial the plaintiff may supplement her proof so as to authorize a rescission of the contract of settlement on the ground of fraud. Of course, it is not known to us whether or not such additional proof can be made; but inasmuch as the case is open for a new trial and the applicant is at liberty to introduce additional testimony, we can not arbitrarily assume that the controversy is practically at an end, that J. L. Sumner will prevail upon the next hearing of the case and be relieved from all liability to pay permanent alimony. It affirmatively appears that to the application for temporary alimony, which resulted in the order of September 8, 1902, the defendant answered that the plaintiff was not entitled to alimony, because she had by voluntary settlement accepted certain property conveyed to her by her husband in full discharge of all claims for alimony, both temporary and permanent. The ineffective effort of the defendant to review the correctness of that order does not prevent it being final and conclusive as to all matters which existed at the time it was granted. The effect of the dismissal of his bill of exceptions was to affirm the judgment of the lower court, and this judgment can not, as was pointed

out in 118 *Ga.*, be revised or annulled for matters existing at the time of its rendition. The adjudication of the Supreme Court simply settled the question as to the sufficiency of the evidence offered by Mrs. Sumner in support of her contention that the contract of settlement should be set aside on the ground of fraud. The decision of this court concludes her no further than to negative her right, upon the same evidence as that relied on at the first trial of the suit for permanent alimony, to have the deed of settlement set aside; it does not constitute a change in the condition or circumstances of the parties, and does not furnish any ground for the vacation or revision of the orders granting temporary alimony and counsel fees.

*Judgment affirmed. All the Justices concur, except Cobb, J., disqualified, Candler, J., absent, and Lumpkin, J., not presiding.*