CHARLES D. NELSON v. PRISCILLA HUNTER, admrx., et al.

**Slaves—Marriage—Validity—Act of March, 1866—Evidence.**—When it is not shown that the marriage of two slaves has come within the provision of the act of March, 1866, declarations of the woman claiming the man as her husband, and "general reputation" thereof, are incompetent as evidence of a lawful marriage, to legalize the issue born of them.

*S. G. Ryan* for plaintiff.
*Peele & Maynard* and *J. N. Holding* for defendants.

PER CURIAM. We have carefully considered the petition to rehear this cause and the brief of the learned counsel for defendants. We are unable to find any material point overlooked in our former decision at last term or any error in the conclusion arrived at. The plaintiff's right to recover depends upon the establishment of a legal marriage between Solomon Nelson and Jackie Cook. The uncontradicted evidence proves that a form of marriage between them took place during the year 1861, or not long thereafter, and that they continued to live together during and after the war and were living together at the date of the ratification of the act of 10 March, 1868. The plaintiff was the issue of such cohabitation and was born in January, 1867. We find nothing in the record tending to prove that such relationship was not *exclusive in March, 1866. It may be that after that time* Solomon Nelson returned to Beaufort County and resumed his antebellum relations with the woman Viley, but, as we have declared in our former opinion in this case, "by virtue of the provisions of that act (10 March, 1866) the relation of man and wife existing between Solomon and Jackie, if continued until the passage of the act, culminated into a valid marriage and was legalized by the statute. The act has a retroactive effect, so as to legalize the relation from its beginning, thereby legitimizing the offspring of such cohabi-

tation born during the entire period. If Solomon resumed his cohabitation with Viley after 10 March, 1866, it could have no effect upon the legitimacy of his and Jackie's children."

The "general reputation" that Viley was Solomon's wife in antebellum days, and her declarations claiming him as her husband, are utterly valueless and incompetent, for there is no pretense that any valid marriage ever took place between Solomon and Viley after they became free, and they could not enter into the marriage contract while slaves. There is no evidence whatever that the alleged relation between Solomon and Viley existing prior to the war was continued and terminated into a marriage under the act of 10 March, 1866.

The declarations of Viley and the evidence of "general reputation" therefore tend to prove, not a lawful marriage, but only that Solomon, prior to the war, lived and cohabited with Viley, and that in 1867 he renewed such relation. Such evidence was incompetent to prove that on 10 March, 1866, the relations between Solomon and Jackie were not exclusive.

Petition Dismissed.