PRECILLA HUNTER, Administrator, et als. v. CHARLES S. NELSON.

(Filed 20 October, 1909.)

### 1. Bill of Review—Superior Court—Judgment—Supreme Court.

An action commenced in the Superior Court, in the nature of a bill of review in equity, will not lie to correct an alleged error apparent upon the face of a final judgment, where such judgment has been affirmed on appeal by the Supreme Court.

### 2. Same—Procedure.

In such case the remedy is by petition to rehear, prosecuted according to the rules of and addressed to the Supreme Court.

APPEAL by plaintiff from *Lyon, J.,* April Term, 1909, of WAKE.

Civil action, heard upon demurrer to the complaint.

The court sustained the demurrer and dismissed the action. Plaintiffs appealed.

The facts are stated in the opinion.

*Aycock & Winston* and *Peele & Maynard* for plaintiffs.
*Herbert E. Norris* for defendant.

BROWN, J. This action is entitled a "bill of review" by the learned lawyer who instituted it, and is brought solely to correct an alleged error of law apparent upon the face of the judgment heretofore rendered by the Superior Court and finally affirmed by this Court. *Nelson v. Hunter,* 140 N. C., 598; 144 N. C., 763, and 145 N. C., 334.

1. The judgment sought to be set aside by this proceeding was entered in pursuance of the mandate of this Court on appeal in the original action. It therefore became the final decree and judgment of this Court. It would be most extraordinary, under our or any other system of practice, if the lower court, from whence the appeal came, had jurisdiction to entertain a subsequent action to review and correct the alleged errors in law committed by the higher court, even though charged to be apparent upon the face of its judgment. A bill to rehear and review, as known in those jurisdictions where the principles and practice of equity are administered by chancellors or their substitutes, is a bill filed to reverse or modify a decree that has been enrolled for errors apparent upon the face of such decree, or on account of new facts discovered since publication was passed in the original cause and which could not by the exercise of due diligence have been discovered before the decree was made. 2 Beach Mod. Eq. Practice, sec. 852.

But even in those courts a bill of review will not lie for errors of law alleged to be apparent on the face of the decree after the judgment of the appellate court.    2 Beach, sec. 855.    Bills of review have been entertained by lower courts based upon allegations of newly discovered testimony, where the original decree was entered in obedience to the mandate of the appellate court, but that is not allowable in England or in the Federal courts of this country, unless the right is reserved in the decree of the appellate court or permission given on an application to that court ·directly for the purpose.    *Southard v. Russell*, 57 U. S., 547; 1 Vernon, 416; 2 Paige, 45; 1 McCord Ch. Rep., 22-30; Story Eq. Pl., sec. 408.

In New Jersey, however, it was held by Chancellor Runyan that such permission of the higher court is not essential in bills of review on the ground of newly discovered evidence (*Putnam v. Clark*, 35 N. J. Eq., 145), and many other courts have held likewise; but all agree that a bill to review a final judgment will not lie at all for errors of law apparent on the face of the decree after judgment of the appellate court.    These errors may be corrected by a direct application to that court, which would amend, as matter of course, any error of that kind which had been made in rendering or entering the decree.    This is the view of the Supreme Court of the· United States, as first expressed by *Mr. Justice Nelson* in the leading case of *Southard v. Russell*, 57 U. S., 570, reiterated in subsequent cases and approved by the text writers generally.    *Kingsbury v. Buckner*, 134 U. S., 671; *Machine Co. v. Dunbar*, 32 W. Va., 335; *Hunt v. Long*, 16·S. W., 968; *Jewett v. Dringer*, 31 N. J. Eq., 586; *Kimberly v. Arms*, 40 Fed., 548; *Hall v. Huff*, .76 Ga., 337; 2 Beach, sec. 855; . Adams Eq., 7 Am. Ed., p. 417, and the notes citing the Supreme Court of the United States.    The rule of law is thus tersely stated in the Enc. of Pld. and Practice, vol. 3, p. 574: "After a decision has been rendered by an appellate court' and the cause remanded to the court below, the latter court has no authority to entertain a bill of review for error apparent; but where the ground of review is newly discovered evidence, the jurisdiction is generally conceded."

In support of the text a great array of cases is cited in the notes from the various courts of this country, including the case of *Farrar v. Staton*, 101 N. C., 81, relied upon by appellant.    We fully concur in the construction placed upon that case by the text writer.    While the syllabus is a little misleading, a careful reading of the opinion convinces us that the learned Chief Justice who wrote it never for a moment contemplated that a bill of review could be entertained by a lower court to correct *errors of*

*law* committed by the highest. Such a proceeding would be an anomaly in law and would not have been allowed under the old system of practice, with which *Judge Smith,* from long experience, was perfectly familiar.

2. If we were disposed to entertain this proceeding as a method of correcting errors, in addition to petitions to rehear addressed directly to this Court, we could not allow it in this case, for a reason well stated in appellant's own brief. "A review cannot be had for mistake in a decree which might have been rectified by proper attention," citing *Sims v. Thompson,* 16 N. C., 197, and other cases.

The grievance of appellants consists in alleged error of law, committed by us in giving judgment for Charles Nelson, the only legitimate child of Jackie Nelson, for the entire personal as well as real estate of his mother, in the face of a statute which, it is claimed, places these plaintiffs, her illegitimate children, on an equality with him as distributees of her personal estate. Revisal, sec. 136. Whether this statute must be construed as contended by plaintiffs we will not now decide; but if we have failed to take note of it in our former opinion, it is because no such point was presented, either in the briefs or arguments; and we have repeatedly said that we do not feel bound to notice a phase of a case not relied on in the brief. They have had two hearings in this Court, when they could have cited the statute with effect and corrected the error, if any has been committed. That appellants failed to do so is their misfortune, but we do not think it is due to anybody's neglect. Lord Coke once said that he would be ashamed if he could not answer any question relating to the common law without recourse to his books, but that he would be equally ashamed to answer any question relating to the statutes unless they were before him.

Lawyers are supposed to have general knowledge of the elementary principles of law, and frequently recur to them with facility, but none of us are able to carry in our minds all of the many changes constantly taking place in the legislation of the State, and to refer at will to every obsolete and seldom cited statute.

For the reasons given, we are of opinion that the judgment of the Superior Court should be

Affirmed.