## JENNISON v. JENNISON.

1. Where, two days before an order revising a previous order granting temporary alimony was signed, the court, at the conclusion of the evidence introduced upon the hearing, orally announced an opinion wherein he stated that the previous order would be revised because of the existence of specified facts, and the bill of exceptions recites that the second order excepted to was granted "in accordance with said opinion," and the order revising the previous order granting temporary alimony recites that "after hearing and considering the testimony submitted and the argument of counsel for plaintiff and 'defendant, it is considered, ordered, adjudged, and decreed" that the previous order be revised in specified particulars, and there is nothing in the second order indicating that it was granted on any special ground, it will not be disturbed, if any facts other than those referred to above · appear from the testimony submitted to the court upon the hearing which were sufficient to authorize the court to grant the same.

2. The court has authority to modify or revoke an order granting temporary alimony to a wife, though such order was passed by consent of the husband and wife and in accordance with an agreement between them providing for a certain amount to be paid to the wife by the husband, and providing that the agreement might be made the judgment of the court and enforced by contempt proceedings, or otherwise, "as is usual in the enforcement of decrees for alimony."

3. The authority of the court to revoke or modify an order granting temporary alimony is not confined to cases in which there has been a change in the condition or circumstances of the parties since the granting of the order.

(a) Prior to the grant of a total divorce, adultery on the part of the wife subsequent to the grant of temporary alimony, or prior thereto but unknown to the husband until after the 'granting of the order for temporary alimony, is a sufficient cause to warrant the court in modifying or revoking the order.

(b) Where the evidence material to an understanding of an alleged error complained of is not brought to this court, an assignment of error necessarily involving a consideration of such evidence can not be considered.

APRIL 14, 1911.

Contempt.    Before Judge Bell.    Fulton superior court.    May 23, 1910.

*Anderson, Felder, Rountree & Wilson,* for plaintiff.

*Van Astor Batchelor* and *Reuben R. Arnold,* for defendant.

HOLDEN, J.   On August 13, 1909, the plaintiff in error and her husband, the defendant in error, entered into an agreement reciting that they had permanently separated and were living apart, and the wife was about to institute an action for total divorce from the husband, and for temporary and permanent alimony; that the

husband desired to make permanent provision for the support and maintenance of the wife, and incidentally for the support, education, and maintenance of an adopted daughter, "all in lieu of temporary and permanent alimony." In full settlement of all such claims, the husband conveyed to the wife certain real and personal property, and agreed to pay her, so long as she remained single, $150 per month for the support and maintenance of herself and adopted daughter. It was agreed that the provisions relating to temporary and permanent alimony, "shall be made part of the order or decree of court to be entered in the divorce and alimony suit, the provision herein made by the party of the first part to be taken by party of the second part as full and complete settlement," and that if the husband failed to make the payments voluntarily, they might be enforced by the court "by contempt proceedings, or otherwise, as is usual in the enforcement of decrees for alimony." Three days after this agreement was entered into, the wife instituted proceedings for divorce, and for temporary and permanent alimony. On September 25, 1909, a consent decree was entered in the cause with respect to temporary alimony, wherein the court recited the existence of the agreement between the husband and wife respecting alimony, and that it was made subject to the approval of the court, and fixed the amount of temporary alimony to be allowed the wife as $150 per month, the amount which the husband had agreed to pay by the terms of the separation agreement. On February 18, 1910, by leave of the court, the husband filed an answer in the nature of a cross-bill. On May 12, 1910, he filed an answer to the rule nisi requiring him to show cause why he should not be punished for contempt for failure to pay temporary alimony. He alleged that his wife had been guilty of misconduct both prior and subsequent to the execution of the separation agreement (which facts had only recently been discovered by him), and asked that she be denied a divorce and that he be granted one, and that the decree awarding the plaintiff temporary alimony be rescinded and the agreement of August 13, 1909, above referred to, be annulled, except in so far as it had been executed. The defendant having failed and refused to continue the payment of the monthly instalments of alimony awarded under the decree, the plaintiff sought an attachment against him for contempt. Upon the hearing of the contempt proceeding, the court passed an order providing that

the defendant at once pay $250 to the wife by way of compensation for having supported the adopted child since the last payment of alimony by the defendant, and that he pay monthly thereafter $50 for the support of such child, but revoked the provision in the decree for temporary alimony, directing the payment of $150 per month by the defendant for the support of the plaintiff and the adopted child. To this order the plaintiff excepted.

1. The wife excepted to the order of the court revoking so much of the previous order as granted her temporary alimony. One of the contentions of the plaintiff is that the court had no right to modify or revoke its previous order granting her temporary alimony, unless there was some change in the circumstances or conditions of the parties since the order was granted. She contends that the record shows that the court did not pass the order excepted to because of any change in the condition or circumstances of the parties occurring since the order for temporary alimony was rendered, but that the court revoked its previous order granting her temporary alimony on the ground that he had a right to do so whether or not any such change existed. The bill of exceptions has in it the following recitals: "The court upon hearing the contempt rule, by consent, considered the answer by way of cross-bill aforesaid and the response thereto, both of which were verified, and so far as pertinent were considered by the court as evidence upon the contempt rule, and the response as verified to the said answer and cross-bill was considered by the court as a traverse of the allegations as to drunkenness and adultery, made by the said W. R. Jennison in his response to the contempt rule. The hearing of said matter proceeded from day to day and was concluded upon the 21st day of May, 1910, the court then and there announcing its opinion, in substance, as follows: 'The evidence in this case has covered a somewhat wider field than I anticipated it would when the investigation began. After hearing evidence I have determined not to pass upon the merits of the several claims of the parties as to right to divorce. I do not agree with Mr. Anderson, representing Mrs. Jennison, that the contract between the parties relative to the alimony is binding upon the court as to temporary alimony. In the court's opinion, the question of temporary alimony is always, pending the divorce suit, in the breast of the court, and notwithstanding the previous order of the court in this case confirming and adopt-

ing the contract aforesaid as to temporary alimony, the court may at this time modify or entirely abrogate said order in its discretion. It appears from the evidence that shortly after the separation between the parties, defendant, W. R. Jennison, conveyed and turned over to the plaintiff, Irene H. Jennison, all of his tangible assets, consisting of the equity of redemption in the home place at Ansley Park in the City of Atlanta which the plaintiff testifies she sold for about $2,200.00; also the household furniture, furnishings, etc., contained in said home place, which he testified cost him something like $6,900.00, and was accumulated during the married life of the parties extending over some years, and which the said Irene H. Jennison testified might possibly be worth two thousand to twenty-five hundred dollars at the present time. Since the defendant thus gave to his wife, the plaintiff, all of his assets, and since it appears from his testimony that he is earning only $350 per month—less than the income which he received several years ago, I will not make any allowance to the said Irene H. Jennison for temporary alimony for her own support, and the previous order or decree of the court granted on the 25th day of September, 1909, will be modified accordingly. I shall leave the custody of the adopted child, Naomi, with Mrs. Jennison, and require the defendant, W. R. Jennison, to pay to plaintiff, said Irene H. Jennison, at once the sum of $250 by way of compensation to her for having supported the said Naomi during the past five months, and since January 13, 1910, the date of the last payment of alimony by the defendant, and shall require the defendant to pay to plaintiff, to be used for the support, maintenance, and education of the said Naomi, the sum of $50, payable at once, to cover the month of May, 1910, and the further sum of $50 on the first day of each month hereafter until the final hearing and disposition of the case. I shall revoke the provision in the order of 25th of September, 1909, directing the payment of $150 per month by way of temporary alimony and for the support of the plaintiff and the child Naomi. The defendant shall have the right from time to time to visit Naomi.' In accordance with said opinion of the court, the court upon the 23d day of May, 1910, and during said May term, 1910, of the superior court of Fulton county, Georgia, signed and entered up its order or decree in accordance with the opinion aforesaid. During the hearing of the matters aforesaid a great

deal of evidence was introduced, both by plaintiff and defendant, relative to the cause and circumstances of the separation, the cruel and brutal treatment of plaintiff by the defendant, and relative to defendant's charges against the plaintiff of drunkenness and adultery. Each of the parties introduced much evidence with a view to substantiating her or his charges and contentions of fact, and with a view of rebutting and proving untrue the charges made by the opposing party. None of said evidence, except such as is herein specifically set out, is material to a clear understanding of the errors herein complained of." The plaintiff contends that the court, in revoking its previous order granting her temporary alimony, was not passing upon any change in the condition or circumstances of the parties, especially in view of the following statements in the opinion announced by the court at the conclusion of the evidence: "The court may at this time modify or entirely abrogate said order in its discretion. . . Since the defendant thus gave to his wife, the plaintiff, all of his assets, and since it appears from his testimony that he is earning only $350 per month—less than the income which he received several years ago, I will not make any allowance to the said Irene H. Jennison for temporary alimony for her own support, and the previous order or decree of the court granted on the 25th day of September, 1909, will be modified accordingly." The conveyance by the husband to the wife of "all of his assets" occurred prior to the judgment granting temporary alimony, and the order of the court granting temporary alimony was passed only eight months (lacking two days) prior to the order modifying or revoking it; and therefore the fact that at the time of the last-named order the earnings of the husband were less than "he received several years ago" does not show that there was any change in his income since the order for temporary alimony was granted. The plaintiff in error, therefore, contends that the court did not base its order on any change in the condition or circumstances of the parties since the previous order was granted, and that the reasons upon which the court based its order were not such as to authorize the court to grant it. The statements made by the court at the conclusion of the evidence were not incorporated in the order of the court subsequently passed. The reason given by the court for any ruling he makes is not the subject-matter of exception. *Griffith* v. *Finger,* 115 *Ga.* 592 (41 S. E. 993); *Central*

*Railroad* v. *Smith,* 74 *Ga.* 112. The statements made by the court at the conclusion of the evidence, as to what rulings he made in the case and what order he would make, did not bind the court to pass an order in accordance with such statements and rulings. After making these statements from the bench at the conclusion of the evidence, the court had a right to change his views in regard to the case and to pass an order making rulings in conflict with the oral announcement of his views. It will be observed that the order revoking the previous order of the court, in so far as it granted alimony to the wife, was not passed by the court until two days after the announcement of his oral opinion from the bench at the conclusion of the evidence. At the outset of this order the court states: "Upon a hearing of the contempt rule heretofore filed by plaintiff against the defendant, after hearing and considering the testimony submitted and the argument of counsel for plaintiff and defendant, it is considered, ordered, adjudged, and decreed," etc. In no no part of this order signed by the court did he give any special reasons why he granted the same, or made any of the rulings therein contained, but the court based its decision on "the testimony submitted;" and if the testimony submitted before him authorized his order, it should not be disturbed, regardless of whether the reasons appearing in the oral opinion announcing the views of the court at the close of the evidence were such as to authorize the order thus signed. The oral expression of the views entertained by the court at the conclusion of the evidence was not required to be recorded on the minutes of the court, or in any way to become a part of the record of the case; whereas the formal order entered by the court is a part of the record of the case and required to be recorded on the minutes. The order excepted to, which is a part of the record of the case in the court below and here, states that it was granted "after hearing and considering the testimony submitted;" and this court would not be justified in treating the order as not having been granted "after hearing and considering the testimony submitted," because of the recitals in the bill of exceptions hereinbefore quoted, which include an oral statement of the court made two days before the order was signed. There is nothing in the order indicating that it was granted on any special grounds after considering only a part of the evidence, but the language is such that it should be treated as having been granted after

considering all of the "testimony submitted;" and if any of such testimony justifies the granting of the order, it should be allowed to stand. The question as to whether the court has authority to revise a former order granting temporary alimony as having been improvidently granted, and when there does not appear to have been any change in the condition or circumstances of the parties after the previous order granting alimony was passed, will be considered later in this opinion.

2. After the plaintiff and her husband had separated they entered into an agreement whereby he, in lieu of temporary and permanent alimony, conveyed to her certain property and in addition thereto agreed to pay her as alimony $150 per month for the support of herself and an adopted child as long as the wife should live and remained unmarried. It was provided that if the wife should die before the marriage of the adopted daughter, he was to pay the adopted daughter $50 per month. It was agreed that the provisions of the agreement relating to alimony might be made the judgment of the court and enforced by contempt proceedings, or otherwise, "as is usual in the enforcement of decrees for alimony." After the suit for divorce the court, on September 25, 1909, entered an order for temporary alimony. This order provided: "The application of the plaintiff in the above-stated cause for temporary alimony, including counsel fees, coming on at this time to be heard, and it' appearing to the court that the parties to the cause have agreed that the defendant shall pay to the plaintiff during the pendency of the cause the sum of one hundred and fifty dollars ($150) monthly, . . it is considered, ordered, and decreed, after a full consideration of said cause and the facts thereof," that the husband should pay the plaintiff $150 per month. Subsequently the court, upon the hearing of a rule for contempt, revoked so much of the order as provided for any monthly payments of temporary alimony for the wife, and made other provisions for the support of the adopted child, as set forth in the statement of facts.

The plaintiff in error contends that in revoking the order granting her temporary alimony, the court acted without authority, because, her husband having agreed in writing to pay her $150 per month alimony, and having consented upon the hearing for temporary alimony that the order be passed granting alimony in accordance with the agreement, the revocation of such order was

equivalent to setting aside the contract, which the court could not do without the consent of the wife. We can not agree with this contention. The Civil Code (1910), § 2978, provides: "The order allowing alimony shall be subject to revision by the court at any time, and may be enforced either by writ of fieri facias or by attachment for contempt against the person of the husband." Under this section, all orders for alimony are subject to revision by the court, and the fact that an order is based upon the agreement of the parties and granted by their consent does not make such order an exception to the ones referred to in the statute, and does not preclude the court from modifying or revoking it. Wallace v. Wallace, 74 N. H. 256 (67 Atl. 580, 13 Am. & Eng. Ann. Cases, 293) ; Blake v. Blake, 75 Wis. 339 (43 N. W. 144) ; 2 Nelson on Div. & Sep. § 915, pp. 865-6. Also see, in this connection, McLaren v. McLaren, 33 Ga. Supp. 99. Whether the wife could recover in an action on the contract is a different question from the one we are considering. While some of the States have statutes giving the power to revise decrees for permanent alimony, in this State no such power exists, when the right is not reserved in the decree. Cureton v. Cureton, 132 Ga. 745 (65 S. E. 65). But the right of the court to revise orders for temporary alimony is expressly given by statute, and this right is not abrogated and the effect of the statute nullified simply because the order is entered by consent and in accordance with a previous written agreement of the parties. The revision by the court of an order so entered does not abrogate the agreement between the parties, but is an exercise of a discretion of the court to revise its own order, to whom such discretion is reserved by the statute. The consent of the parties, expressed in the agreement itself, that its provisions respecting alimony might be made the decree of the court, and their consent to the entering of a decree pursuant to the agreement, will be presumed to have been made with the knowledge that the court had statutory power to revise decrees relating to temporary alimony, and that the decree so entered was subject to after-revision should it appear to the court that justice so required.

3. In the answer of the husband to the contempt proceedings brought against him by the wife, he prayed that he be not required to pay her any further temporary alimony. In this answer he charged that his wife was addicted to the habit of excessive use

of intoxicating liquors, and was guilty of acts of adultery before the agreement was entered into, and that he did not know these facts when the agreement was made and the order for temporary alimony passed, and that, subsequently to the time the agreement was made and the order for temporary alimony was passed, she was guilty of acts of adultery and addicted to the excessive use of intoxicating liquors. The evidence was not brought to this court, but the bill of exceptions recites that upon the hearing at which the court revised the previous order evidence was introduced by the husband to prove the charges of adultery and drunkenness, and by the wife to prove that these charges were untrue. The order excepted to states that it was granted "after hearing and considering the testimony submitted," and we can not say that the evidence did not warrant the order granted. When this order was granted the divorce case had not been tried, and the relation of husband and wife existed between the parties—they could have resumed cohabitation without any new marriage ceremony. The court has the right to revise or revoke an order for alimony to be paid out of the future earnings of the husband, because of acts of adultery on the part of the wife occurring thereafter, but before a final decree of divorce is granted. Cariens *v.* Cariens, 50 W. Va. 113 (55 L. R. A. 930, 40 S. E. 335) ; Cole *v.* Cole, 142 Ill. 19 (31 N. E. 109, 19 L. R. A. 811, 34 Am. St. R. 56) ; 2 Bishop on Mar., Div. & Sep. § 1230; 14 Cyc. 787. In the absence of the evidence adduced to the trial court, this court is, of course, unable to determine whether or not the charges of misconduct on the part of the wife, without the knowledge of the husband, prior to the execution of the agreement between the parties and the allowance by the court of temporary alimony were sufficiently substantiated on the hearing to warrant the court in revising his order for temporary alimony on that account. Acts of adultery on the part of the wife occurring previously to the agreement and order providing temporary alimony, unknown to the husband when the agreement was made and the order passed by consent, would authorize the court to modify or revoke such order. Motions for new trials and for second injunctions are granted on newly discovered evidence, and we see no reason why orders for temporary alimony can not be revised on the same ground. The court may modify or revoke an order granting temporary alimony even though there has been no

change in the condition or circumstances of the parties since the order was granted. Some of the language used in the decision of *Sumner* v. *Sumner*, 123 *Ga.* 118 (50 S. E. 1013), is too broad. The statement made therein, that "After an order granting temporary alimony and attorney's fees has been duly passed, the court is without jurisdiction to revise the same or to set it aside on any ground save one based on a change of circumstances occurring subsequently to the granting of the order," is incorrect. The criticism of the decision above referred to is equally applicable to the decision in the same case (118 *Ga.* 408 (45 S. E. 315)), when it was previously before the court. The Civil Code (1910), § 2978, which has reference to temporary alimony, provides: "The order allowing alimony shall be subject to revision by the court at any time." This section does not restrict the right to revise an order granting temporary alimony to instances where there has been a change in the condition or circumstances of the parties, and this court has no right to make any such restriction. The court is not precluded from revising or revoking a previous order granting temporary alimony, even though there be made to appear to the court no facts other than those which were before it when the previous order was passed. An order granting temporary alimony is always in the breast of the court, and may be revised as having been improvidently granted, just as an order or judgment may be revoked or modified during the term at which it was passed. *Pinchard* v. *Pinchard*, 23 *Ga.* 286; *Wester* v. *Martin*, 115 *Ga.* 776 (42 S. E. 81). However, the facts before the court might be such as not to warrant it in modifying or revoking a previous order for temporary alimony, and we do not mean to rule that a state of facts might not exist which would make the modification or revocation of the previous order error. The question as to whether or not the order for temporary alimony to the wife was rightly revoked was one depending on the evidence; and the evidence not having been brought to this court, we can not say that the trial judge committed error. *Roberts* v. *Cairo*, 133 *Ga.* 642 (66 S. E. 938).

*Judgment affirmed. All the Justices concur.*