## BRIM *v.* BRIM.

No. 12065.  JANUARY 13, 1938.

*Frank S. Twitty,* for plaintiff in error.

*J. N. Peacock Jr.,* contra.

HUTCHESON, Justice.  In view of the contention of counsel for the defendant in error that the ruling in *Jennison* v. *Jennison,* 136 *Ga.* 202 (3) (71 S. E. 244, Ann. Cas. 1912C, 441), requires a ruling different from that made in headnote 3, we deem it advisable that the criticism made in the *Jennison* case of the ruling in the *Sumner* case, supra, be discussed and clarified.  In the *Sumner* case it was held:  "After an affirmance by this court of a judgment granting a wife temporary alimony and attorney's fees, notwithstanding such affirmance was brought about by a dismissal of a bill of exceptions whereby her husband sought to have that judgment set aside, the trial court is without jurisdiction to review the same and modify or vacate it on any ground which was, or which might have been, relied on by him when he sued out his bill of exceptions."  In the opinion it was said that "the oversight and inadvertence of counsel in failing to take proper steps to set aside a judgment granting temporary alimony, because of alleged error on the part of a judge on the hearing of an application therefor, can not be urged as a reason for reviewing that judgment in the court wherein it was rendered.  The judgment complained of in the present case as having been erroneously rendered must stand, since exceptions thereto were filed and an attempt was made to bring the case to this court for review.  The dismissal in this court of the bill of exceptions operated as an affirmance of that judgment; and this being so, the trial judge was without jurisdiction

to review the same and set it aside on any ground save one based on a change of circumstances occurring subsequently to its rendition." Citing *Rice* v. *Carey,* 4 *Ga.* 558; *Price* v. *Lathrop,* 66 *Ga.* 545; *Watkins* v. *Lawton,* 69 *Ga.* 671; *Hall* v. *Huff,* 76 *Ga.* 337; *Herz* v. *Frank,* 104 *Ga.* 638. The *Sumner* case was again before the court (123 *Ga.* 118, 50 S. E. 1013), and it was held, that "After an order granting temporary alimony and attorney's fees has been duly passed, the court is without jurisdiction to revise the same or to set it aside on any ground save one based on a change of circumstances occurring subsequently to the granting of the order," and that the dismissal of the bill of exceptions to the grant of the temporary alimony and attorney's fees, and the reversal by this court of the jury's finding in favor of the wife for permanent alimony upon the same evidence depended upon on the hearing for temporary alimony "does not constitute such a change in the status of the parties as will confer upon the husband a right to another hearing on the question of his liability to pay temporary alimony pending the suit for permanent alimony." In the *Jennison* case, it was held: "The authority of the court to revoke or modify an order granting temporary alimony is not confined to cases in which there has been a change in the condition or circumstances of the parties since the granting of the order. . . Prior to the grant of a total divorce, adultery on the part of the wife subsequent to the grant of temporary alimony, or prior thereto but unknown to the husband until after the granting of the order for temporary alimony, is a sufficient cause to warrant the court in modifying or revoking the order." In the opinion it was said: "Some of the language used in the decision of *Sumner* v. *Sumner,* 123 *Ga.* 118 (50 S. E. 1013), is too broad. The statement made therein, that 'After an order granting temporary alimony and attorney's fees has been duly passed, the court is without jurisdiction to revise the same or to set it aside on any ground save one based on a change of circumstances occurring subsequently to the granting of the order,' is incorrect. The criticism of the decision above referred to is equally applicable to the decision in the same case (118 *Ga.* 408, 45 S. E. 315), when it was previously before the court. The Civil Code (1910), § 2978 [Code of 1933, § 30-204], which has reference to temporary alimony, provides: 'The order allowing alimony shall be subject to revision by the court at

any time.' This section does not restrict the right to revise an order granting temporary alimony to instances where there has been a change in the condition or circumstances of the parties, and this court has no right to make any such restriction. The court is not precluded from revising or revoking a previous order granting temporary alimony, even though there be made to appear to the court no facts other than those which were before it when the previous order was passed. An order granting temporary alimony is always in the breast of the court, and may be revised as having been inprovidently granted, just as an order or judgment may be revoked or modified during the term at which it was passed. *Pinckard* v. *Pinckard,* 23 *Ga.* 286; *Wester* v. *Martin,* 115 *Ga.* 776 (42 S. E. 81). However, the facts before the court might be such as not to warrant it in modifying or revoking a previous order for temporary alimony, and we do not mean to rule that a state of facts might not exist which would make the modification or revocation of the previous order error." The *Jennison* decision was followed in *Osborne* v. *Osborne,* 146 *Ga.* 344 (91 S. E. 61); *Nelson* v. *Nelson,* 150 *Ga.* 671 (104 S. E. 779). Neither the *Jennison* case nor the cases following it involved the affirmance of the previous order by this court. It may be noted that the *Jennison* opinion did not criticize the judgment rendered in the *Sumner* case, but only said that the right of the trial court to revoke or modify a previous order granting temporary alimony did not depend solely upon a change in condition subsequently to the grant of the previous order; and to that extent only was the ruling in the *Sumner* case modified. The *Sumner* decision is still authority for the ruling that where the order of the trial court on a hearing for temporary alimony is affirmed by this court, it is error for the trial court to revoke or modify such order in the absence of additional facts such as would authorize a revocation or modification. While the grant or denial of temporary alimony, including attorney's fees, may be in the breast of the court, when unexcepted to, and assuming, but not deciding, that under such circumstances the court is not precluded from revising or revoking a previous order granting or refusing temporary alimony, "even though there be made to appear to the court no facts other than those which were before it when the previous order was passed;" yet where such a previous order has been affirmed by this court, and the facts upon

the second hearing are identical, the ruling in *Sumner* v. *Sumner* (118 *Ga.*) applies; and we fail to see on what grounds it could be said that the previous order was improvidently granted.

*Judgment reversed. All the Justices concur.*