## S09A1503. LEGGETTE v. LEGGETTE.
(687 SE2d 585)

THOMPSON, Justice.

This marks the second appearance of this case before this Court. Previously, in *Leggette v. Leggette,* 284 Ga. 432 (668 SE2d 251) (2008), we affirmed the final decree of divorce between Lester and Susan Leggette, but remanded the case on the issue of attorney fees. On remand, in addition to considering attorney fees, the trial court awarded wife 40 percent of the parties' retirement plans' value as of January 24, 2006, the date on which the final judgment of divorce was entered. In this appeal, husband contends that the order on remand must be reversed because it conflicts with the original decree, which awarded wife 40 percent of the retirement plans' value, plus or minus the gains or losses on the amount awarded from the date of the verdict, December 10, 2004, until the transfer of funds. We find that the trial court exceeded its discretion in modifying the order, and we reverse.

1. After the term in which a final decree of divorce is rendered,

---

the court is without power to modify or amend the decree in any matter of substance or in any matter affecting the merits, even if the amendment is made to give effect to the original judgment as orally rendered. *Bufford v. Bufford*, 224 Ga. 850, 853 (165 SE2d 128) (1968). Additionally, where, as here, a judgment is affirmed by this Court, it is error for the trial court to modify the previous judgment solely upon consideration of the evidence presented at the previous hearing, or upon additional evidence adduced after the expiration of the term at which the decree was entered. *Brim v. Brim*, 185 Ga. 359, 362 (195 SE 157) (1938).

Wife contends that the trial court did not err because the final judgment was intended to cover only the time period between the entry of the jury verdict on December 10, 2004, and the date of the final judgment on January 24, 2006, in order to prevent husband from siphoning gains to the retirement accounts. However, the final decree makes no reference to this intent; it simply valued wife's retirement funds according to the date of transfer without any mention of specific dates. Therefore, the valuation adopted by the trial court on remand was contrary to the plain language of the final decree. Husband's contumacious conduct in this case did not justify a modification of the original judgment. *Gold Kist v. Wilson*, 247 Ga. App. 107, 111 (542 SE2d 126) (2000).

By entering judgment on a new valuation of the retirement funds, the trial court exceeded its authority and failed to carry out the mandate of this Court. We again reverse this case for entry of final judgment consistent with our decision in *Leggette v. Leggette*, supra.

2. The remaining enumerations of error, in which husband asserts the trial court erred in (1) finding him in contempt for failing to fund an education account and (2) awarding attorney fees to wife, are without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 9, 2009 —
RECONSIDERATION DENIED DECEMBER 15, 2009.

*Collier & Gamble, Wilbur T. Gamble III*, for appellant.
*E. Edward Meeks, Jr.*, for appellee.