## CULPEPPER *v.* CULPEPPER.

Where, pending an action for a divorce by a husband against his wife, she filed an application for temporary alimony, and on the hearing of this application it was shown by uncontradicted testimony that the man had no profession, that he did not own a dollar's worth of property, that he had persistently and repeatedly endeavored, but without success, to obtain employment, and that he had no home except upon his father's farm where he was unable to obtain more for his services than his board and clothing, a judgment awarding $350 for temporary alimony accruing since the marriage, and $25 a month for the future, together with $300 counsel fees, was grossly excessive and its allowance an abuse of discretion.

April 6, 1896. Argued at the last term.

Application for alimony. Before Judge Hardeman. Houston county. November 23, 1895.

*Bacon & Miller* and *Hardeman Davis & Turner*, for plaintiff in error. *Gustin, Guerry & Hall, W. D. Nottingham* and *A. T. Harper*, contra.

SIMMONS, Chief Justice.

Culpepper sued for a divorce on the ground that he was forced by duress into the marriage contract. Pending the

suit, the wife applied for temporary alimony. At the hearing of the application there was uncontradicted testimony to the effect that Culpepper was a young man without any profession, trade or business, that he had made frequent and persistent efforts to obtain employment but without success, that he owned no property, and that the only support he had was what was given him by his father, who was a farmer, but did not need his services on the farm, and was unable to give him more than his board and clothing. The court below adjudged that he pay $350 temporary alimony, $25 per month for future alimony, and $300 counsel fees. While this court is always loath to interfere with the discretion of the court below in cases of this character, it does not hesitate to do so when that discretion is abused, and in our opinion the court below did abuse its discretion in this case. A judgment for $650 for temporary alimony and counsel fees, besides $25 per month permanent alimony, against a young man, situated as this party was, with no property and no employment, is so grossly excessive as almost to shock the moral sense. It was argued that this judgment and the knowledge that he would be sent to jail for contempt of court if he did not pay it, would operate as a spur or incentive to him to procure employment and the means to pay it. In my opinion it would more probably have the contrary effect. Seeing that it would be impossible for him to pay such an amount, the probability is that he would make no effort to do so; while if the judgment were for a more moderate sum he might have felt it would be worth while to make an effort to raise the money, and the contempt proceeding might in that case have operated as an incentive. In these hard times when values are shrinking and many thousands find it impossible to get employment, and when farm laborers can be employed in this State at from $8 to $10 per month, it would be impossible for a person situated as this man was to pay such a judgment. It is useless to discuss the matter further. The mere state-

ment of the facts, we think, should be sufficient to show that
the court abused its discretion.          *Judgment reversed.*