## Staton v. Staton.

(Decided May 14, 1915.)

Appeal from Pike Circuit Court.

1.  Continuance—Setting Aside Order of.—The entry of an order for continuance in an equitable action does not deprive the court of the power to set aside that order at a subsequent day of the term and take such steps as it may deem proper.

2. Continuance—When Entry of Judgment has Effect of Setting Aside Order of Continuance.—The entry of a judgment in an equitable action upon a day in the term subsequent to the entering of an order for continuance in the same case, had the effect to set aside the order for continuance.

3. Continuance—When Entry of Judgment as Above Does Not Operate as Fraud Upon One of Parties.—The entry of a judgment in an equitable action upon a day subsequent to the entering of an order continuing the case does not operate as a fraud upon the rights of one of the parties even though one of the firm of lawyers who represented him was absent at the time the judgment was entered, and particularly where it appears that the case had been previously heard when both attorneys were present; and a judgment so entered is not void or voidable.

4. Judgment—Action to Vacate and Enjoin Collection.—An action to vacate a judgment and enjoin the collection thereof cannot be maintained where it appears that the party has other remedies which he may pursue to correct any error against him.

5. Divorce—Alimony.—In an action by a wife for divorce and alimony if she at the time of the judgment allowing alimony was in possession of personal property of the husband presumably the court by its judgment intended to leave her in possession of same.

6. Divorce—Alimony.—A divorced husband who remarries after the judgment of divorce and thereby voluntarily assumes additional obligations, will not be heard to urge that as a reason why an allowance for alimony against him should be reduced.

J. S. CLINE for appellant.

STATON & PINSON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

This is an action to vacate a judgment for alimony under the provisions of Section 518 of the Civil Code.

The allegations of the petition as amended are that prior to the May term, 1913, of the Pike Circuit Court, there was pending therein an action for divorce and alimony by Effie Staton, plaintiff, against J. M. Staton, defendant; that the defendant in that action was represented by the law firm of Staton & Pinson; that at the time there was pending in the Pike Circuit Court a contested election case involving the title to the circuit judgeship of that district, wherein J. M. Roberson was contestant and J. F. Butler was contestee, Butler at the time being the judge of the court, having been awarded the certificate of election; that on the 26th day of the May term of that court the court on its own mo-

tion entered a general order continuing all cases in which the attorneys for the contestant in the contested election case (including Staton & Pinson) were interested, together with all motions and cases of every kind, for the purpose, as recited in the order, of giving said attorneys an opportunity to prepare the said election case for trial; that thereafter, and on the 45th day of the term, during the enforced absence of Willis Staton, of the firm of Staton & Pinson, one of the attorneys for the defendant in the divorce suit, a judgment was entered granting a divorce to Effie Staton, making her an allowance of $450 for alimony, giving her the use of one-half of a tract of land belonging to J. M. Staton, allowing her attorney a fee of $100 to be taxed in the costs, and adjudging all of the costs against J. M. Staton. The judgment in the divorce action was set out in full in the petition, and, among other things, it provides that the alimony allowance was "to be paid in installments of $25.00 to continue for four and one-half years subject to the orders of the court, the court reserving the right to modify this order when it should become necessary."

It is further alleged that certain executions issued by the clerk for unpaid *pendente lite* allowances, and for parts of the alimony allowance, and for costs, were issued for too large amounts, and for such sums as were not authorized by the judgment, and prayed that so much of the judgment as allowed the $450 for alimony and the fee to the plaintiff's attorneys be cancelled.

The lower court entered a judgment vacating the former judgment to the extent prayed for, quashing the executions and enjoining the collection of any part of the judgment.

The defendant demurred to the petition, and her demurrer was overruled, and the correctness of that ruling is the only question necessary to be passed upon.

The judgment of the lower court is wholly based upon the idea that it was a fraud upon the rights of J. M. Staton for the court, after entering an order of continuance in the case at the May term, 1913, to subsequently, at the same term, enter a judgment in the absence of one of the attorneys for Staton, being of opinion that for that reason the judgment was void or voidable.

But such is not the effect to be given the judgment under these circumstances; the court had jurisdiction of

the parties and of the subject matter, and the mere fact that it entered an order of continuance in the case did not deprive it of the right or the power, at a subsequent day of the term, to set aside that order and take such steps as it might deem proper. The entry of the judgment upon a day in the term subsequent to the entering of the order of continuance had the effect to set aside the order of continuance, even if there had been no formal order made after the continuance submitting the case, which it appears was made.

It is necessary to the proper administration of justice that courts shall have the power during term time to set aside or modify any previous orders made during that term; and it is a novel contention to maintain that because the court enters an order of continuance in an equitable action that it has thereby lost jurisdiction to subsequently rescind that action and enter a judgment during the same term, and it would likewise be astonishing to say that he had thereby practiced a fraud upon one of the parties. We attach no importance to the fact that one of the attorneys was absent when the judgment was entered; it appears that the case had previously been heard when they were both present and that one of them was present when it was ordered to be entered.

If the action of the court in entering a judgment at the time and under the circumstances was prejudicial to the rights of J. M. Staton, he had two remedies; he could either have appealed from the judgment or he could have at a subsequent term entered his motion in the Pike Circuit Court to modify the judgment, under the express terms of the reservation therein. Even without this reservation it is always within the power of the Chancellor to change or modify allowances for alimony according to the necessities or equities of the case. Bristow v. Bristow, 21 R., 481.

And included in this power was the authority to correct any errors or mistakes that might have been made by the clerk in the issuing of executions.

The allegation in the plaintiff's petition that he was entitled to a credit of $308 on the alimony allowance for certain personal property belonging to him which had been converted by the defendant, and for the value of the rent of that half of the farm which had not been allowed to Effie Staton in the judgment, but which, as

alleged, she had had the use of, adds nothing to the force of his pleading.

In the first place it is not alleged that she had acquired the possession of such personal property since the rendition of the judgment for divorce, and, therefore, presumably if she was at that time in possession of it, the court, by its judgment, intended to leave her in possession of the same; and if she had acquired such possession since the rendition of the judgment the plaintiff had an adequate remedy at law to recover possession of same.

Finally it is alleged in the petition that since the judgment of divorce the plaintiff had married another woman, and had thereby assumed additional obligations, and that the situation of the parties had been thereby changed, and for that reason the allowance for alimony should be reduced. While this is a matter to be presented to the chancellor below in any application that might be made to modify the alimony allowance, we do not deem it inappropriate to say that such a plea would hardly appeal to the conscience of a chancellor.

A divorced husband, against whom an allowance for alimony has been made, who after the judgment of divorce voluntarily assumes such additional obligations ought not to be heard to urge that as a reason why he should be relieved to any extent from such allowance.

The demurrer to the petition should have been sustained, and the judgment is reversed with directions to dismiss the plaintiff's petition.