## PRESTON v. PRESTON.

1. In applications for temporary alimony, upon conflicting evidence the discretion of the judge of the superior court as to the amount of the allowance will not be controlled unless there is an abuse of discretion. The allowance of attorney's fees in applications for divorce or alimony is a necessary provision to enable the wife to properly protect her interests, which has been recognized from the earliest times. In the allowance of attorney's fees, while the financial condition of the husband must have due weight with the court, still, except in cases where the husband is unable to pay a fee, or more than merely nominal compensation, the allowance for attorney's fees should be sufficient to insure to the wife proper legal representation by a competent attorney; and the exercise of a sound legal discretion in applying these principles in the allowance of attorney's fees will not be disturbed.

2. Where there is an issue of fact as to whether there has been a prior adjustment and settlement of all claims for alimony by the conveyance of property by the husband to the wife after a separation, it is not error for the trial judge to decline to pass upon the validity and effect of the alleged contract at the hearing of an application for temporary alimony, and to award alimony and counsel fees ad interim.

3. In the present case it does not appear that the trial judge abused his discretion either as to the grant of temporary alimony and attorney's fees or the issuance of the writ of ne exeat.

No. 4472. April 14, 1925.

Temporary alimony, etc. Before Judge E. D. Thomas. Fulton superior court. June 26, 1924.

*Hewlett & Dennis* and *Roy S. Jones,* for plaintiff in error.

*Bond Almand* and *Branch & Howard,* contra.

RUSSELL, C. J. Mrs. Preston brought suit against her husband for both temporary and permanent alimony. The case came on for a hearing on the question of temporary alimony and attorney's fees, and the chancellor awarded the plaintiff the sum of $20 per month as temporary alimony and $100 as counsel fees; and exception is taken to this judgment. The defendant (now plaintiff in error) insists that the judgment was error, (1) because the separation was brought about by the petitioner, (2) because the plaintiff had taken to herself "more property than she brought into the wedlock," (3) that she had accepted a house and lot in Atlanta in lieu of all alimony, and was living in one half the house and receiving $25 per month from the other one half, (4) because the petitioner had $2300.62 in bank, (5) because she was a strong woman physically, only 46 years of age, and with sufficient means to support herself during the pendency of the suit, (6) while the de-

fendant was an old man 60 years of age and latterly unable to do any work on account of his physical condition, and (7) because the only property owned by the defendant was a house and lot worth $2700, and a second-hand automobile. Before any reference is made to the evidence in the case, we shall first consider the law which should have controlled the lower court in his consideration of the evidence. In his brief counsel for plaintiff in error quotes the definition of alimony and the rules for its allowance as set out in Corpus Juris and 21 Cyc. As to alimony there is no need for light from outside sources; for every phase of this question has been often considered by this court. As defined by our Code, alimony is not as restricted nor hedged about by qualifications such as appear in the authorities cited by counsel. Section 2975 of the Civil Code declares: "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." It is to be observed that the allowance is to come from the husband's estate; and while section 2977 provides that "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; he may also consider any evidence of a separate estate owned by the wife, and if such estate is ample, as compared with the husband's, temporary alimony *may* [italics ours] be refused," still, a careful consideration of the evidence in this case does not disclose any error on the part of the trial judge.

As said by Judge McCay in *Carlton* v. *Carlton,* 44 *Ga.* 216, "The granting of temporary alimony . . is specially in the discretion of the judge. The statute . . clothes him with power to examine into the whole matter and to grant such alimony or to refuse, accordingly as from the circumstances of the separation and the ability of the parties he shall judge proper. His judgment is not even final, but is, at any time, open to modification and re-examination by him. The nature, too, of the case demands that the affair shall be specially in his control, since the very daily sustenance of the wife is involved in its prompt adjudication. If subject, for slight causes, to review in this court, it would be of very little value, since, in its very nature, it is only temporary, and the very interregnum it is intended to cover would be frittered away in litigation over it. For these reasons we feel it to be not

only the law, but public policy, that this court shall only interfere when there has been some clear abuse of power by the judge." In *Campbell* v. *Campbell*, 67 *Ga.* 423, there were more disputed facts than appear in the record now before us, and Mr. Chief Justice Jackson, speaking for the court, said: "So in regard to the disputed facts in the record, and the amount of temporary alimony, embracing the support of the wife and child and counsel fees to carry on the litigation, we can not say that the chancellor abused that discretion with which the law clothes him. In such cases the law well places his judgment on a high plane, and the settled rule of this court is never to lower that elevation except when he himself does so by stepping off the legal platform and stooping below judicial fairness." It is insisted that the great preponderance of the evidence showed that the separation was brought about by the plaintiff; and it is argued that while the plaintiff introduced no witness except herself, the defendant introduced six witnesses. It has been often held by this court that a jury may believe one witness in preference to a dozen or more who swear to the contrary, and certainly the same rule applies to a judge when acting as a trior. It seems that both parties to the marital contract in this instance had some property, and the complaint is made that Mrs. Preston took more property at the time of the separation "than she brought into the wedlock." It seems from the testimony of the defendant himself that he consented to the division of the personal effects; so that even if a disproportionate division could in any event have any legal effect on the exercise of the chancellor's discretion, the defendant can not now complain.

In subdivision (3) above stated plaintiff in error insists that the judgment rendered was erroneous, because the petitioner had accepted a certain house and lot in the City of Atlanta in lieu of all alimony. This contention in nature and effect is a plea of estoppel. But the plaintiff denies making any such agreement. A jury upon a final hearing may sustain the plea of the defendant. If the evidence had required it, the chancellor might have refused to award alimony, on the ground that the plaintiff had concluded herself from asking for alimony. However, the writing in the record signed by the defendant does not mention the subject of alimony, and will require explanation, if there be evidence admissible and competent for that purpose, upon the final hearing. The exception

made is that the judge did not construe the contract which was signed by the defendant. This writing was as follows: "For value received I hereby transfer to Mrs. A. C. Preston all my right, title, and interest in the bond for title from Mrs. Ella K. Cunningham to Frank Wilson, and Carrie L. Wilson, dated October 15, 1923. All that tract or parcel of land . . . more fully described as follows: Beginning on the south side of Fair Street fifty (50) feet west of Harden Street, and running west along the south side of Fair Street fifty (50) feet, thence south one hundred and ninety-six and one half (196-½) feet to a ten-foot alley, thence east along the north side of ten-foot alley fifty (50) feet; thence north one hundred and ninety-six and one half (196-½) feet to the beginning point; said premises having a house thereon, known as four hundred and forty-three (443) East Fair Street. This transfer is in full settlement of all debts or obligations to my wife, Mrs. A. C. Preston, she agreeing to assume all indebtedness against said property, and I authorize and direct Mrs. Ella K. Cunningham to make a good and sufficient title to same when all the terms have been complied with. February 2, 1924." We find no error in this ruling of the court. The point is controlled by the ruling of this court in *Byrd* v. *Byrd,* 157 *Ga.* 787 (122 S. E. 193). In that case an issue of fact was presented by the conflicting contentions of the parties as to whether there had been a settlement in lieu of alimony. Just as in this case, the husband contended that all claims for alimony and support on the part of his wife had been surrendered in consideration of the payment of $100 in cash and the payment to her of $50 per month for eight months. The wife alleged that the contract was obtained by duress, and that the monthly payments accepted by her were really necessary for her support. In that case the contract specifically stated that the consideration was payment in lieu of all demands for alimony. In the present case it will be observed that the language used in the transfer of the interest of the husband in the property described is "in full settlement of all debts and obligations to my wife, Mrs. A. C. Preston, she agreeing to assume all indebtedness against said property." As said by Judge McCay in the case from which we have quoted, the very sustenance of the wife may depend upon the temporary alimony which she is seeking and the counsel fees which are necessary for her protection until the question of

permanent alimony is passed upon; and where there is an issue
of fact as to whether there has been a prior adjustment and settle-
ment of all claims for alimony by the conveyance of property by
the husband to the wife after a separation, it is not error for the
trial judge to decline to pass upon the validity and effect of the
alleged contract at the hearing of an application for temporary
alimony, and to award alimony and counsel fees ad interim.

Grounds (4), (5), (6), and (7) all involve the same question:
did the judge abuse his discretion in the amount of the allowance
or likewise abuse it in granting any alimony at all? According to
the evidence before the court, it is undisputed that the plaintiff
had $2300.62 in the savings department of a named bank, but
there is no evidence that she was "a strong woman physically."
The only evidence touching on her physical condition was that
she had received damages at some time in the past for a physical
injury, and that she was 46 years old. As the trial judge saw her,
he was in a better position to determine the condition of her health
than are the members of this court, and we can not say that as
to this the judge abused his discretion. The evidence does not
sustain contention (6) of the plaintiff in error in his brief, except
that the defendant was 60 years old. It is true that he testified
that he was subject to rheumatism and had had trouble, pain, and
expense on account of his teeth, and had lost some time, but he
testified that he was still earning $5.25 per day. The record does
show, as set out in subdivision (7), that he owns a house and lot
worth $2700 and an automobile; and so far as appears from the
record this is the only property the defendant owns, except house-
hold and kitchen furniture in the house in which he lives, the
amount and value of which was not disclosed in the court below.
Under the evidence in the record the trial judge was not required to
find that "he is an old and feeble man and she is a young and
vigorous woman." The judge was authorized to find from the
evidence that the wife, as she had a right to do, saved considerable
money from the sums allowed to her for necessary family expenses,
and in that way had been able to accumulate the savings shown by
the pass-book of the bank, but at the same time the evidence au-
thorized him to find that otherwise the plaintiff was worth less
money than she was when she married the defendant. Under
the plaintiff's statement as to the purchase of the house in which

she lived, at No. 443 East Fair Street, and the obligations which she assumed upon the separation from her husband, it is plain that according to her testimony she has, as stated by her, an income of only $35 per month, including the rental received from one half of the house and that an allowance of $20 per month from the earnings of the husband, even if he had had no property, can not upon review be adjudged to be an abuse of discretion. Cases can be imagined where under the peculiar circumstances a husband should be required to contribute to the support of his wife pending the determination of the question of permanent alimony, where even a rich wife ought not to be compelled to expend her own personal estate to defend a groundless action for divorce; but certainly upon every ground the court has the right to consider the comparative earning capacity of the severed pair, and in this case it does not appear that the plaintiff has a capacity for earning money other than as a housewife. Under the rule as to the exercise of judicial discretion which has been so uniformly followed by this court in cases of alimony as to obviate the necessity of citation of authority, it does not appear that the trial judge abused the discretion vested in him by law either as to the grant of temporary alimony, counsel fees, or the writ of ne exeat.

*Judgment affirmed. All the Justices concur.*