MAXWELL *v.* MAXWELL.

No. 9555.   August 9, 1933.

486

*Strozier & Gower* and *Barry Wright,* for plaintiff.

*Porter & Mebane,* for defendant.

BECK, P. J. (After stating the foregoing facts.) We are constrained in this case to hold that it was an abuse of discretion on the part of the court to refuse some amount, reasonable under all the facts, as temporary alimony and attorney's fees. No misconduct on the part of the wife is shown, other than the general statement that she nagged and fussed at her husband and tried to boss him. The husband did explain why he was frequently late in returning home at night, showing that his vocation was of such a character as required him to be absent until late at night.

In passing upon the question of the allowance of temporary alimony the trial judge is vested with broad discretion. "Whenever an action for divorce, at the instance of either party, is pending, or a suit by the wife for permanent alimony, the wife may, at any regular term of the court in which the same is pending, apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause; and after hearing both parties, and evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such tem-

porary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify." Civil Code, § 2976. "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; he may also consider any evidence of a separate estate owned by the wife, and if such estate is ample, as compared with the husband's, temporary alimony may be refused." § 2977. By the last-quoted section it is distinctly provided that the judge, in his discretion, may refuse temporary alimony altogether; but this does not mean that he may arbitrarily refuse it. "The allowance of attorney's fees in applications for divorce or alimony is a necessary provision to enable the wife to properly protect her interests, which has been recognized from the earliest times. In the allowance of attorney's fees, while the financial condition of the husband must have due weight with the court, still, except in cases where the husband is unable to pay a fee, or more than merely nominal compensation, the allowance for attorney's fees should be sufficient to insure to the wife proper legal representation by a competent attorney; and the exercise of a sound legal discretion in applying these principles in the allowance of attorney's fees will not be disturbed." *Curtis* v. *Curtis,* 173 *Ga.* 111 (159 S. E. 862), quoting approvingly *Preston* v. *Preston,* 160 *Ga.* 200 (127 S. E. 860). It is true that where the wife voluntarily abandons her husband in a fit of anger, without justification, the judge is justified in refusing alimony. But it can not be said in this case that there was no justification for the wife leaving her husband. This is not a case in which the exception is as to the amount allowed. The judge refused temporary alimony altogether, and refused any amount as attorney's fees so that the wife could prosecute or protect her rights. "In applications for temporary alimony, upon conflicting evidence the discretion of the judge of the superior court as to the amount of the allowance will not be controlled, unless there is an abuse of discretion. The allowance of attorney's fees in applications for divorce or alimony is a necessary provision to enable the wife to properly protect her interests, which has been recognized from the earliest times." *Preston* v. *Preston,* supra. There was evidence tending to show, beyond controversy, that there was conduct on the part of the husband which would certainly excuse if not justify the wife in leaving him and remaining away from him, unless, in a

spirit of forgiveness and by mutual concession, and upon a promise not to repeat the offense upon the part of the husband, the wife should return to the husband. Of course there should be mutual toleration upon the part of the husband and wife. Small faults and venial offenses ought not to be made the grounds for voluntary abandonment by the wife," and likewise the husband should not leave the wife for trifling causes. But there is something more in this case. We will not repeat here the portions of letters from the husband to the wife which were introduced in evidence. It is urged in the brief of counsel for the defendant in error that these letters, parts of which are set forth, ought not to be considered, on the ground that they were privileged communications and could not be introduced in evidence. It might be that they could not be introduced in evidence over proper objection, but they were admitted without objection; and where privileged communications are thus introduced, no objections being made, the grounds upon which they might have been objected to can not be urged for the first time in a brief in this court. "The witness being the wife of the alleged donor, an objection to the testimony on the ground that it was in the nature of confidential communications between husband and wife, and therefore to be excluded under the provisions of section 5785 of the Civil Code, comes too late when urged for the first time in the brief of counsel for the plaintiff in error in the reviewing court." *Holloway* v. *Hoard,* 140 *Ga.* 380 (78 S. E. 928).

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*