## ALFORD *v.* ALFORD.

No. 13392.   JULY 9, 1940.

*R. O. Jones* and *William Y. Atkinson,* for plaintiff in error.
*Walter D. Sanders,* contra.

DUCKWORTH, Justice. The judgment excepted to is assailed on three grounds: (a) that the award of attorney's fees is wholly inadequate and is an abuse of discretion; (b) that the court was without power to revoke its order allowing temporary alimony, because the husband made no application for such an order; and (c) that the judgment denying temporary alimony is contrary to the evidence and is a gross abuse of discretion. The parties are agreed that a court has power to alter or revoke at any time its judgments awarding temporary alimony. The law on this question is conclusive. Code, § 30-204; *Wester* v. *Martin,* 115 *Ga.* 776 (42 S. E. 81); *Jennison* v. *Jennison,* 136 *Ga.* 202 (71 S. E. 244, Ann. Cas. 1912C, 441); *Woodall* v. *Woodall,* 136 *Ga.* 700 (71 S. E. 1099); *Hemphill* v. *Hemphill,* 172 *Ga.* 387 (157 S. E. 637); *Thomas* v. *Smith,* 185 *Ga.* 243 (194 S. E. 502). If an application to the judge for revision or revocation is necessary, then the application of the wife in the present case for an order continuing in effect such a judgment constitutes sufficient basis upon which evidence may be heard, and any action authorized by the evidence may be taken by the judge.

There is nothing in this record to authorize a ruling that the award of attorney's fees was not in conformity with the evidence. We find nothing to indicate that this award is an abuse of dis-

cretion. The third ground of attack presents a rather important question. It is admitted that on the hearing which resulted in the judgment excepted to no semblance of evidence was introduced to defeat the application for alimony. The evidence was sufficient to demand a judgment for temporary alimony. But it is argued that after the first judgment for temporary alimony was rendered two jury trials had taken place and the judge had heard the parties testify and thereby learned much concerning the controversy. While there is nothing before us to indicate that either of the parties gave testimony on those trials, yet it is reasonable to assume that testimony was offered bearing upon the grounds of cruel treatment, which was the basis for both the petition and the cross-petition for divorce. It is contended that, having heard this testimony, there was no need for the judge to require a rehearsal as a guide for his action on the wife's application for temporary alimony. A judgment allowing temporary alimony is reviewable in the Supreme Court. If a vital question for decision on such review is the sufficiency of the evidence, then a complete brief of the evidence upon which the judgment was rendered must be in the record. A rule that would permit the judge to base his judgment on knowledge gained elsewhere than on the trial at which it is rendered would make it difficult to prepare such a brief. The other party would be deprived of the legal right to cross-examine, and otherwise try to controvert such alleged facts. Without knowing exactly upon what evidence the judgment is based, we could never rule that there had been an abuse of discretion. Yet an abuse of discretion is legal ground for reversing a judgment. Code, § 30-203; *Culpepper* v. *Culpepper,* 98 *Ga.* 304 (25 S. E. 443); *Davis* v. *Davis,* 145 *Ga.* 56 (88 S. E. 566); *Maxwell* v. *Maxwell,* 177 *Ga.* 483 (170 S. E. 362). Neither the judgment under review nor any part of this record indicates in the remotest degree that the judgment was based upon anything done at the jury trials, or anything else except the brief of evidence set out in the record. We will not assume that the judge considered anything outside of the evidence, in rendering his judgment. See *Continental Casually Co.* v. *White,* 178 *Ga.* 287 (3) (173 S. E. 117). Then it must be held that the evidence demanded a judgment for some amount of temporary alimony, and it was an abuse of discretion to disallow it.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*