MATHEWS *v.* MATHEWS.

No. 16307. SEPTEMBER 7, 1948.

*Douglas, Evans & Cole,* for plaintiff.

*Alfredda Wilkerson, Andrew A. Smith,* and *Sidney T. Schell,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) For the husband to show error on the part of the trial judge, it must appear that the settlement agreement was valid, that there was no evidence to the contrary, and that the evidence demanded a finding to that effect. Unless such is shown, it can not be said that the trial judge manifestly abused his discretion in granting

temporary alimony and attorneys' fees. As to the effect of the settlement agreement, if there was any question of fact involved, the trial judge properly awarded temporary alimony and attorneys' fees, thus permitting the issues as to the validity of the settlement agreement to be passed upon at the hearing on the question of divorce and permanent alimony.

There was some evidence in the record which would tend to show that the cash paid to the wife as part of the settlement agreement was already her property. Also there was testimony of two physicians who had treated her for mental disease, which covered a period for more than a year prior to the execution of the settlement agreement up to the date of the hearing. This testimony was ample to raise an issue of fact as to whether, at the time of executing the settlement agreement, the wife had sufficient mind and reason equal to a clear understanding of the nature and consequences of her act. *Ison* v. *Geiger*, 179 *Ga.* 798 (1) (177 S. E. 596).

There being an issue of fact as to whether there had been a settlement of any claim for alimony, it was not error for the trial judge to award temporary alimony and attorneys' fees to the wife, and leave the merits of the controversy over the settlement agreement to be determined upon the hearing on divorce and permanent alimony. *Byrd* v. *Byrd*, 157 *Ga.* 787 (122 S. E. 193); *Powers* v. *Powers*, 158 *Ga.* 251 (2) (123 S. E. 220); *Preston* v. *Preston*, 160 *Ga.* 200 (2) (127 S. E. 860); *Stephens* v. *Stephens*, 173 *Ga.* 84 (159 S. E. 58); *Twilley* v. *Twilley*, 195 *Ga.* 297 (24 S. E. 2d, 46).

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*