## JOHNSON *v.* JOHNSON.

DUCKWORTH, Chief Justice. A court order allowing temporary alimony shall be subject to revision by the court at any time. Code, § 30-204; *Alford* v. *Alford,* 190 *Ga.* 562 (9 S. E. 2d, 895); *Williams* v. *Williams,* 206 *Ga.* 341 (57 S. E. 2d, 190). However, this court will not interfere with the judgment of the court below unless there has been an abuse of discretion. *Jones* v. *Jones,* 145 *Ga.* 714 (89 S. E. 762); *Greenway* v. *Greenway,* 147 *Ga.* 503 (94 S. E. 885); *Alford* v. *Alford,* supra; *Williams* v. *Williams,* 194 *Ga.* 332 (21 S. E. 2d, 229). Here the evidence was conflicting, and the court apparently believed the evidence that the petitioner deliberately refused to work more than one or two days a week over testimony that he was physically unable to work more, and, for this reason, refused modification. While there was evidence in the form of a doctor's affidavit that the husband had been physically unable to work for a period of thirty days from August 11, 1950, yet this period had expired shortly before the hearing, and the statement of the doctor was silent as to his physical condition at the time of the hearing. Thus the judge had for consideration only the testimony of the husband as against that of the wife that he intended to deliberately refuse to work more than two days a week, and this court can not hold as a matter of law that the judgment was an abuse of discretion. See *Etheridge* v. *Etheridge,* 149 *Ga.* 44 (99 S. E. 37); *Brown* v. *Brown,* 155 *Ga.* 722 (118 S. E. 196); *Townsend* v. *Townsend,* 205 *Ga.* 82 (52 S. E. 2d, 324). The exception to the refusal to modify the judgment is without merit.

*Judgment affirmed. All the Justices concur, except Wyatt, Head, and Almand, JJ., who dissent.*

No. 17310. JANUARY 11, 1951.

*Bell & Bell*, for plaintiff in error.

*Grady Gillon* and *Thomas A. Jacobs*, contra.