18302. SWINSON *v.* SWINSON.

DUCKWORTH, Chief Justice. 1. An order granting temporary alimony is always in the breast of the court, and the court is authorized at any time, in the exercise of a sound discretion, to revise or revoke such an order. Code § 30-204; *Alford* v. *Alford, 190 Ga. 562* (9 S. E. 2d 895); *Williams* v. *Williams,* 194 *Ga.* 332 (21 S. E. 2d 229); *Braswell* v. *Braswell,* 198 *Ga.* 753 (32 S. E. 2d 773); *Williams* v. *Williams,* 206 *Ga.* 341 (57 S. E. 2d 190).

2. Where temporary alimony was granted to the wife after a hearing, and a petition by the husband to modify this award was duly filed and heard in which there were no allegations or evidence submitted of any changes in conditions since the judgment, of excessiveness or inability of the defendant to pay, of resumption of cohabitation, of prior or subsequent adultery, or of a prior undissolved marriage of the wife, but merely allegations and evidence of attempts by the wife and her family to start a quarrel with the petitioner since the award, in which he was intimidated and abused, said conduct being "an index to the cruel and inhumane treatment" which he has suffered during their married life and a continuation of the same—the court abused its discretion in modifying the previous award, since there were no allegations or evidence sufficient to authorize such a modification. *Pinckard* v. *Pinckard,* 23 *Ga.* 286; *Wester* v. *Martin,* 115 *Ga.* 776 (42 S. E. 81); *Jennison* v. *Jennison,* 136 *Ga.* 202 (71 S. E. 244); *Hemphill* v. *Hemphill,* 172 *Ga.* 387 (157 S. E. 637); *Williams* v. *Williams,* 194 *Ga.* 332 (supra); *Williams* v. *Williams,* 206 *Ga.* 341 (supra).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1953—DECIDED OCTOBER 14, 1953.

*Nelson & Nelson, Carl K. Nelson,* for plaintiff in error.
*Lester F. Watson,* contra.