### 18498. FRIED *v.* FRIED.

ARGUED FEBRUARY 8, 9, 1954—DECIDED MARCH 9, 1954.

*Edward F. Taylor, David L. Mincey,* for plaintiff in error.
*Joseph W. Popper, T. Arnold Jacobs,* contra.

ALMAND, Justice. On May 8, 1951, Mrs. Wilma Harris Fried filed an action for divorce, temporary and permanent alimony, and the custody of a minor child of the marriage, against Emile Jacob Fried. On May 18 thereafter, the court awarded her temporary alimony of $150 per month for her support, and a like amount for the support of the child, to continue until further order of the court. The motion of the husband to modify this award was denied in September, 1951, and no exception was taken. During that month the jury on the trial of the divorce

case returned a verdict finding in favor of the plaintiff's petition, but did not award the wife any permanent alimony, and the award of the jury for the support of the child was not embodied by the court in its decree. The plaintiff's motion for a new trial was denied, and this court on March 12, 1952, reversed the trial court, with direction that a new trial be restricted to the question of alimony for the wife and the child. *Fried* v. *Fried*, 208 *Ga.* 861 (69 S. E. 2d 862). On a retrial in February, 1953, the jury returned a verdict allowing $125 per month for the support of the child, and denying any alimony for the support of the wife. The order of the trial judge denying the plaintiff's motion for a new trial was reversed by this court on May 12, 1953. 209 *Ga.* 854 (76 S. E. 2d 395). On July 10, 1953, on motion of the defendant, the trial court reduced the temporary alimony previously awarded to the wife from $150 to $100 per month, and reduced the award for the support of the child from $150 to $125 per month. This order was unexcepted to. On the third trial in November, 1953, the jury returned a verdict allowing the wife $1,500, payable in a lump sum as permanent alimony, and awarding to her for the support of the child $75 per month until she became 10 years of age, $100 per month thereafter until she was 16 years of age, and $125 per month until she was 21 years of age. The plaintiff's motion for a new trial is now pending in the trial court, the verdict of the jury and judgment of the court of November 5, 1953, being superseded. On November 20, 1953, the defendant filed a motion to modify the prior order of the court as to temporary alimony for the support of the wife and the child, the grounds of the motion being that the temporary award of alimony should cease and determine because the final verdict of the jury had been returned awarding permanent alimony, and the court should either terminate the temporary alimony so as to make the award of permanent alimony effective from the date of the jury's verdict, or reduce and modify the temporary alimony to the same extent as was allowed by the jury as permanent alimony.

On December 12, 1953, the judge entered the following order: "It appearing that the said case has been three times tried by jury in Bibb Superior Court, the first two trials being reversed on the ground of a denial of permanent alimony to the wife, the

jury being instructed on the third trial that the allowance of such alimony was mandatory and thereupon allowing the lump sum of $1,500 and making no monthly allowance for the wife, but making a monthly award for the child in the amount of $75 until the child becomes 10 years old, then $100 until the child becomes 16 years old, then $125 until the child becomes 21 years old. It further appearing that despite such jury findings on the issue of permanent alimony, the court has by appropriate orders on the issue of temporary alimony allowed and ordered since the first hearing on May 18, 1951, payments which would aggregate the sum of $6,250 for the wife which includes $2,000 counsel fees, and for the child $4,375 making a total sum of $10,625 less such amount as may represent payments which would have been due pending interlocutory order, but from which movant may have been relieved by the pendency of a jury verdict not then superseded. Whereupon, after consideration of the circumstances and conduct of the parties and the evidence adduced, it is ordered that no further payments shall fall due under the terms of the order of this court dated May 18, 1951, as modified and amended by order dated Sept. 14, 1951; nor shall any further payments fall due under the terms of the order of this court dated July 10, 1953. Further allowance of temporary alimony to the wife for her own support is presently denied. The movant, Emile J. Fried is ordered to pay to Mrs. Wilma Harris Fried or to such person as has legal custody of the minor child of the parties under appropriate order of the Juvenile Court of Bibb County for the support of that child the sum of $75 on December 15th, 1953, and a like amount on the 15th day of each month thereafter consecutively until the further order of this court."

The plaintiff, assigning error on this order in a bill of exceptions, brings the case here for review.

Where an action for divorce or permanent alimony at the instance of the wife is pending, the wife may apply for an order granting temporary alimony for the support of herself and child, and after hearing evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify. Code § 30-202. In arriving at the proper order, the court is

under the duty to consider the peculiar necessities of the wife growing out of the pending litigation, and also any evidence of a separate estate owned by the wife. § 30-203. The order granting temporary alimony is subject to revision by the court at any time. § 30-204. Temporary alimony and attorney's fees are awarded to afford the wife the means of contesting all the issues between herself and her husband. *Chapman* v. *Chapman,* 162 *Ga.* 358 (1) (133 S. E. 875). Temporary alimony awarded pending an application for permanent alimony does not cease with the verdict and judgment in the superior court, but continues within the discretion of the trial judge until the termination of the litigation in all the courts. *Holleman* v. *Holleman,* 69 *Ga.* 676; *Osborne* v. *Osborne,* 146 *Ga.* 344 (91 S. E. 61); *Aud* v. *Aud,* 199 *Ga.* 714 (4) (35 S. E. 2d 198). The discretion of the trial judge in modifying a prior order for temporary alimony is similar to the exercise of discretion in granting or refusing such alimony, and an abuse of discretion in either case is legal ground for reversing the judgment. *Alford* v. *Alford,* 190 *Ga.* 562 (9 S. E. 2d 895).

On a casual reading, it appears that the cases of *Alford* v. *Alford,* supra, and *Swinson* v. *Swinson,* 210 *Ga.* 110 (78 S. E. 2d 25) (both full-bench decisions), are in conflict with *Jennison* v. *Jennison,* 136 *Ga.* 202 (71 S. E. 244), followed in *Osborne* v. *Osborne,* supra (also a full-bench decision), but the construction and clarification of the ruling in the *Jennison* case in *Brim* v. *Brim,* 185 *Ga.* 359 (195 S. E. 157), shows that the *Alford* and *Swinson* cases are not in conflict with the ruling in the *Jennison* case. In the latter case, the court had under review an order revoking a prior order granting temporary alimony, which had not been reviewed by this court, and it was held: "3. The authority of the court to revoke or modify an order granting temporary alimony is not confined to cases in which there has been a change in the condition or circumstances of the parties since the granting of the order," and further that the ruling made in *Sumner* v. *Sumner,* 123 *Ga.* 118 (50 S. E. 1013), that, "After an order granting temporary alimony and attorney's fees has been duly passed, the court is without jurisdiction to revise the same or to set it aside on any ground save one based on a change of circumstances occurring subsequently to the granting of the

order," was incorrect. It was said in the opinion: "The court is not precluded from revising or revoking a previous order granting temporary alimony, even though there be made to appear to the court no facts other than those which were before it when the previous order was passed. . . However, the facts before the court might be such as not to warrant it in modifying or revoking a previous order for temporary alimony, and we do not mean to rule that a state of facts might not exist which would make the modification or revocation of the previous order error." *Jennison* v. *Jennison,* supra, p. 211. As pointed out in the *Brim* case, neither the *Jennison* case nor those following it involved a previous judgment of this court affirming an award of temporary alimony. The *Sumner* case was modified to the extent that the right of the trial court to revoke or modify a previous order granting temporary alimony did not depend *solely* upon a change in condition subsequent to the grant of the previous order.

In the *Alford* case, supra, it was held: "While on such an application the judge after hearing evidence is empowered, if the evidence authorizes it, to revise or revoke his previous judgment for temporary alimony, yet where the only evidence offered on such hearing shows need of the wife for support and ability of the husband to pay, a judgment revoking a previous judgment for such alimony is unwarranted and is an abuse of discretion. On such hearing the judge is not authorized to consider information he obtained before the trial, unless produced as evidence upon that hearing"; and in the *Swinson* case, supra, it was held: "2. Where temporary alimony was granted to the wife after a hearing, and a petition by the husband to modify this award was duly filed and heard in which there were no allegations or evidence submitted of any changes in conditions since the judgment, of excessiveness or inability of the defendant to pay, of resumption of cohabitation, of prior or subsequent adultery, or of a prior undissolved marriage of the wife, but merely allegations and evidence of attempts by the wife and her family to start a quarrel with the petitioner since the award, in which he was intimidated and abused, said conduct being 'an index to the cruel and inhumane treatment' which he has suffered during their married life and a continuation of the same—the court abused its discretion in modifying the previous award, since there were

no allegations or evidence sufficient to authorize such a modification."

These two cases, like the *Jennison* case, did not involve modification of a temporary alimony award which had been affirmed by this court. The rules as to circumstances under which the trial judge may set aside an award of temporary alimony are: (a) where the award has been affirmed by this court, it is error to revoke or modify such order in the absence of additional facts such as would authorize a revocation or modification of the prior order; (b) the power of the trial court to set aside a prior order for alimony which has not been affirmed by this court does not depend solely upon a change of conditions subsequent to the grant of the previous order; and (c) in all cases the trial judge's order setting aside a prior award of temporary alimony must be based upon evidence, and the exercise of his discretion must be legal and not arbitrary. The rulings in the *Swinson* and *Alford* cases are in harmony with those made in the *Jennison* case.

The sole question in the instant case is whether or not the evidence before the trial judge was sufficient to authorize him, in the exercise of his discretion, to modify the previous orders for the support of the wife and child. The effect of the order here excepted to was to cancel the provision of the prior order under which the plaintiff was receiving $100 per month for her support, and to reduce the award for the support of the child from $125 to $75 per month. It appears from the record that the plaintiff, after return of the last verdict—which awarded the plaintiff a lump sum of $1,500 as permanent alimony and awarded $75 per month for the support of the child until the latter becomes 10 years of age—filed a motion for new trial, which is now pending, and that the verdict and judgment have been superseded. Under the order excepted to, she will receive no support from the defendant until final determination of her motion for a new trial.

On the hearing of the defendant's motion to modify the award of temporary alimony, practically all the evidence relates to the question of his financial condition, and the needs of the plaintiff for the support of herself and the child. The evidence offered by the defendant as to a change in his financial condition was that he has remarried and has one child by such marriage, and that it takes all of his income to support his present family. He tes-

tified that his income in 1953 was substantially what it was in 1952. It appears that he received income from his employment, and from rentals of properties located in Hawkinsville, Georgia, and Pensacola, Florida. The gross rentals from his properties in 1952 exceeded $4,000, his gross income for 1952 exceeded $11,000, and his net income for that year exceeded $7,000. Except for the increased expense of maintaining his present wife and child, the evidence does not reflect any change, either in his earning capacity, his net income, or his financial condition as a whole, or as as to his physical condition since the temporary alimony was awarded. The evidence in regard to the plaintiff's financial condition is practically identical with what it was at the time this court reviewed the two trials in which she was denied any alimony for her support. It appears that she was still residing with the child in Brooklyn, New York, that she is unemployed, and has no income or property of any kind. She testified in detail as to the living expenses of herself and child, and that she needed at least $350 per month. There is no evidence in the record of the defendant's inability to pay alimony except his contention that his remarriage and the birth of a child have increased his expenses to such an extent that he is unable to pay the amounts provided in the award. This in itself is not sufficient ground for him to be excused from paying some amount of alimony for the support of his first wife, because at the time of his remarriage he was still under a legal duty to support her, the jury by their verdict in favor of the plaintiff in the divorce action having adjudicated that she was not at fault. The general rule in those jurisdictions which allow the modification of an award of permanent alimony appears to be that the remarriage of a divorced husband does not constitute ground to set aside or reduce the amount awarded by a decree theretofore entered for permanent alimony to a former wife and child (Langrall v. Langrall, 145 Md. 340, 125 Atl. 695; Brown v. Brown, 31 Wash. 397, 72 Pac. 86; Simpson v. Simpson, 51 Idaho 99 (4 Pac. 2d 345; Staton v. Staton, 164 Ky. 688, 176 S. W. 21); and this is true even though such remarriage is a drain on his financial resources. Brown v. Brown and Simpson v. Simpson, supra. See also Siders v. Siders, 227 Iowa 764 (288 N. W. 909); Fisher v. Fisher, 237 Ky. 823 (36 S. W. 2d 635); Christensen v. Christensen,

464

295 Mich. 203 (294 N. W. 154); Rodgers *v.* Rodgers, 102 Colo. 94 (76 Pac. 2d 1104). In the last-cited case it was held: "A man may not shun marital obligations assumed in one relationship by contracting others while some of the duties imposed by law in the first still persist." The remarriage of the defendant does not affect his obligation to support the plaintiff and the child, any more than if he had, after the divorce verdict, assumed a heavy obligation by the purchase of property. Since the only evidence of his inability to pay alimony is the fact of his remarriage and the birth of a child, and the evidence as to the needs of the first wife is the same as existed at the time the alimony was awarded, it is our opinion that it was an abuse of the court's discretion to revoke the order of temporary alimony as to the plaintiff, and that she was entitled to the award of temporary alimony in some amount pending her suit for permanent alimony.

As to the provision of the order reducing the amount of alimony for the support of the child from $125 per month to $75 per month, we cannot say, under all the evidence, that the judge abused his discretion in this regard. The judgment will be reversed as to that part of the order excepted to which revoked the prior orders for temporary alimony for the support of the plaintiff and presently denied her any temporary alimony, and will be affirmed in so far as it reduced the award for the support of the minor child.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, P.J., who dissents.*