### 19324. HEATH v. HEATH.

WYATT, Presiding Justice. The plaintiff in error filed a suit for divorce. The defendant in error filed an answer seeking temporary and permanent alimony for named minor children. The petition of the plaintiff in error set out a contract between the husband and the wife, in which alimony on behalf of the wife was settled between the parties. The contract conveyed no property to the children and provided no sums as payment for their support. The only language contained in the contract in so far as the children were concerned was the following: "and agrees further to and does hereby release plaintiff from all claims for alimony and support for the minor children hereinafter named." No children were named. The contract also contained a request, "that this their agreement be made a part of the final decree in the case." The plaintiff in error filed what he denominated a demurrer and motion to dismiss, on the ground that all questions had been settled by the contract. The so-called demurrer and motion to dismiss was overruled. The exception here is to that judgment. *Held:*

It is contended that the judgment overruling the alleged demurrer and motion to dismiss was error, and that it was a controlling antecedent ruling

which controlled the judgment later rendered awarding temporary alimony for the support of the minor children. The alleged demurrer or motion to dismiss referred to herein was neither a demurrer nor a motion to dismiss. The contention that the question of alimony for the support of these minor children had been settled by contract was nothing more than a defense to the suit for alimony for their support. The trial judge, therefore, did not err in overruling the alleged demurrer or motion to dismiss and in awarding temporary alimony for the support of the children until this contention of the plaintiff in error that the question had been settled by contract can be determined in the final trial of the case. See, in this connection, *Byrd* v. *Byrd,* 157 *Ga.* 787 (122 S. E. 193); *Preston* v. *Preston,* 160 *Ga.* 200 (127 S. E. 860); and *Mathews* v. *Mathews,* 204 *Ga.* 247 (49 S. E. 2d 497). It follows from what has been said above, the judgment complained of was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1956—DECIDED JUNE 12, 1956.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Cecil D. Franklin,* contra.