### 25789. VEREEN v. VEREEN.

NICHOLS, Justice. Thompson Jerome Vereen filed a petition seeking a divorce from Mary Ladson Vereen. She filed an answer and cross action in which she sought custody of the couple's minor son, permanent alimony, etc. On the trial of the case (October 9, 1969) after the plaintiff testified, a recess was held and the jury excused. No transcript appears as to the events which transpired thereafter, but the additional pleadings of the parties show without dispute that during such recess a settlement was agreed upon orally and without objection the jury was dismissed, that thereafter the attorneys were unable to reduce the settlement to writing because of a disagreement as to the exact terms thereof. On December 3, 1969, the wife filed a written motion in the divorce case in which she alleged in part: "Thereafter, the case proceeded to trial in Colquitt Superior Court and, during the trial of the case, a settlement was agreed upon between the attorneys representing the parties and the trial judge dismissed the jury. Thereafter a dispute arose between the attorneys as to the exact terms of the settlement and it has been impossible to complete the settlement of the same as of this date." These paragraphs were admitted in the plaintiff's written answer to such motion with the additional fact being alleged "That the said agreement was actually made in the presence of the court." A hearing was held on this issue and thereafter a decree was rendered by the trial court in which a divorce was granted and permanent alimony awarded the wife. The present appeal is from the final decree. The enumerations of error are that the trial court erred in entering the final decree and "erred in resolving factual disputes between the parties as to the terms of a proposed settlement of alimony, support of minor child, property rights, and the like." *Held:*

1. There is no contention made that any objection was made to the dismissal of the jury during the progress of the trial after it was announced that the parties had reached an agreement as to the property settlement, alimony, etc. Nor in fact is any error asserted as to such action by the trial court. Of necessity the dismissal of the jury and announcement of an agreed property settlement must be construed as a waiver of jury trial as to all issues in the case, and not just the question of divorce.

2. "Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody and support of their minor child, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole." *Amos v. Amos,* 212 Ga. 670, 671 (95 SE2d 5); *Booker v. Booker,* 219 Ga. 358 (133 SE2d 353). No transcript of this hearing on the issue of the property settlement was transmitted to this court, but even assuming that on the hearing of the issue of the property settlement the evidence was uncontradicted that the items claimed to be in such agreement by the wife were orally agreed to by both parties, still in the present case the action of the trial court in excluding two items from the decree cannot be considered as an abuse of discretion, and the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

ARGUED MAY 11, 1970—DECIDED JUNE 9, 1970—
REHEARING DENIED JUNE 25, 1970.

*Perry, Walters, Langstaff, Lippitt & Campbell, Jesse W. Walters, Whelchel & Whelchel,* for appellant.

*Altman & Herndon, Sol Altman, Sam J. Gardner, Jr.,* for appellee.

FELTON, Justice, dissenting. It seems to me that when Mrs. Vereen agreed that the jury could be discharged for the reason that she and the attorneys for both sides, in perfect good faith, were under the impression that all of the issues had been settled by an agreement between the parties which left only those questions which the judge could decide, either by law or agreement, she was relieved of such an agreement when at the time, for the hearing of the case it was apparent that there was no such agreement. Especially so, because the appellant's attorneys filed a motion for a hearing on the differences between the parties as to the agreement. This motion put the questions not agreed on back into the divorce and alimony case in which the court would be required to settle the question of the disputed agreement, if possible, or to leave the unsettled questions to the jury. On this hearing requested by the appellee there was still

no complete final agreement and the judge decided what he thought was the agreement at the time shortly after the jury was excused, and was guided by notes he took from oral statements of the attorneys in his chambers as to what the agreement was. In my opinion, the question for the court was what was the agreement at the hearing called for and not what the agreement was several months before at chambers. Even if there had been a clear and undisputed agreement at the time the judge took notes in chambers, either party could have changed his or her mind, since no agreement had been reduced to writing by the parties and signed by them. There was no undisputed agreement at the time of the judge's final order and the questions raised by the disputed parts of the order should have been referred to a jury in the absence of a binding agreement at the time of the trial. The fact that the trial judge may approve or disapprove part or all of an agreement on alimony signed by the parties, in this case he did not proceed on that theory and the fact that when properly done he may disapprove such an agreement has nothing to do with this case. A jury decides disputed alimony agreement matters unless the questions are left to the judge by consent. See *Mathews v. Mathews*, 204 Ga. 247 (49 SE2d 497); *Heath v. Heath*, 212 Ga. 407 (93 SE2d 348). I think that the rulings in the two cases above apply to executed as well as executory settlement contracts. There is one question not mentioned by either party and may be an undiscovered mistake which I feel both parties will wish to correct. The first provision of monthly alimony for appellant is set in the judge's order at $450 per month, nothing being mentioned as to what effect, if any, the son's living apart from appellant would have on the amount. Another provision fixes appellant's monthly alimony at $650 per month as long as appellant is in life and unmarried and as long as the minor son is under the age of 21, and not self-supporting and resides with the appellant. Another provision of the order provides that during the period of time that the minor child is actually attending college, the $200 per month child support payments to appellant would be suspended, and in lieu thereof, permanent alimony payments to appellant would be increased from $650 per month to $700

per month. This last paragraph indicates an intention to award $650 monthly alimony to the wife regardless of whether the minor son resides with her or not.