## 30661. SLAUGHTER v. SLAUGHTER.

JORDAN, Justice.

Appellant filed a petition for divorce, alimony and child custody in Upson Superior Court on September 17, 1974. Appellee filed his answer and counterclaim for divorce on October 11, 1974. Subsequently, appellant filed a demand for jury trial on October 28, 1974, and dismissed her suit by a letter dated November 29, 1974. Thereafter, on December 7, 1974, appellant filed a motion

---

to reinstate her original petition. The appellee brought the matter on for hearing, and the trial court without jury entered a final judgment and decree of divorce on December 13, 1974, incorporating a settlement agreement entered into between the parties on December 5, 1974. On August 14, 1975, appellant filed a motion to set aside the judgment and decree of divorce, alimony and child custody on the ground that trial court was without jurisdiction to enter a judgment without a jury since appellant's demand for jury trial was outstanding and there was an issuable defense. Her motion came on for hearing and was overruled on September 22, 1975. From this ruling appellant appeals.

The sole issue for determination is whether the appellant had a right to a trial by jury under these circumstances. Appellant contends that she is entitled to a jury trial under Code Ann. § 30-101 (Ga. L. 1960, pp. 1023, 1024) which provides that a judge without jury shall hear and determine all issues with regard to an action for divorce "[u]nless an issuable defense is filed as provided by law and a jury trial demanded in writing by either party on or before the call of the case for trial. . ."

We do not find it necessary to determine whether there existed an "issuable defense" at the time of the trial court's judgment as we find a waiver of her right to a jury trial by appellant. This court held in *Vereen v. Vereen,* 226 Ga. 500 (175 SE2d 865) (1970) that out of necessity the dismissal of the jury without objection and announcement by the parties of a settlement agreement must be construed as a waiver of jury trial as to all issues. Likewise, we hold that the actions of the appellant here in dismissing her petition for divorce and thereafter filing a separation agreement with the court settling all issues as to alimony, property settlement, child custody and child support, must be construed as a waiver of jury trial as to all issues in the case. In these circumstances the trial court has the power to grant the divorce without the intervention of a jury and adopt the settlement entered into between the parties.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 29, 1975 — DECIDED FEBRUARY 24, 1976.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Kice H. Stone,* for appellant.

*Adams, Barfield & Dunaway, Ronald Barfield, David Dunaway,* for appellee.