## 31033. MOODY v. MOODY.

GUNTER, Justice.

Mr. Moody appeals from a judgment that granted a divorce to the parties and child support to his former wife who was awarded custody of their child. Mrs. Moody's complaint sought a divorce on the grounds that the marriage was irretrievably broken and that Mr. Moody had been convicted of a crime involving moral turpitude. Mr. Moody was in federal custody when the complaint was filed; he filed responsive pleadings; he demanded a jury trial; he made motions for continuance when the case was placed on the trial calendar; by writ of habeas corpus he was brought before the trial court for the trial of the case; he refused representation by legal aid counsel at the trial; and representing himself, he declined to produce any evidence at the trial.

Mr. Moody contends here that the trial court committed error in denying his motion for a continuance of the trial; he complains of the issuance of the writ of habeas corpus that produced him from federal custody for the trial; he complains that the verdict returned by the

jury was without evidence to support it; he complains of an award of attorney fees in favor of the appellee; and he complains of instructions given by the trial judge to the jury.

We have reviewed the record and the transcript; we have concluded that none of these alleged errors have any merit; and we deem it necessary to treat only the attorney fee issue in this opinion.

The judgment awarding a divorce and child support was entered on June 16, 1975; no attorney fees were awarded by that judgment; the appellant filed a motion for a new trial; the trial judge entered an order superseding the divorce and child support judgment pending disposition of the motion for new trial; on November 3, 1975, the appellee filed a motion for temporary child support; on November 21, 1975, after a hearing, the trial judge entered an order granting temporary child support; this order recited that the issue of attorney fees was held in abeyance until further order of the court; the appellant's motion for a new trial was amended on December 23, 1975; on January 12, 1976, the trial judge entered a judgment overruling the motion for new trial and dissolving the supersedeas order, thereby reinstating the divorce and child support judgment that had been entered on June 16, 1975; and on the same date the trial judge entered another judgment awarding attorney fees "for representing the wife during and pending appeal and all post-judgment motions in this matter."

It should be noted here that the divorce and child support judgment did not award expenses of litigation for the appellee. It was only after appellant had filed a motion for a new trial and the divorce and child support judgment had been superseded that the appellee applied for child support as temporary alimony.

Code Ann. § 30-202 provides: "Whenever an action for divorce, at the instance of either party, or a suit by the wife for permanent alimony, shall be pending, the wife may, at any regular term of court in which the same shall be pending, apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause; and, after hearing both parties and evidence as to all the circumstances of the parties and as to the fact of

marriage, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify."

In *Fried v. Fried,* 210 Ga. 457 (80 SE2d 796) (1954), this court said: "Temporary alimony awarded pending an application for permanent alimony does not cease with the verdict and judgment in the superior court, but continues within the discretion of the trial judge until the termination of the litigation in all the courts." P. 460.

Here the divorce and child support judgment was superseded pending the decision by the trial judge on appellant's motion for new trial. The wife then applied for temporary child support payments and expenses of litigation incurred following the superseded judgment that had been entered on June 16, 1975.

In this situation the trial judge was authorized to award child support as temporary alimony and expenses of litigation incurred during the period while the motion for new trial was pending and until the issues adjudicated by the trial court became a final adjudication.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1976 — DECIDED
SEPTEMBER 7, 1976.

*H. Ed Martin, Jr.,* for appellant.
*W. J. Self,* for appellee.